COUCHOT et al., Appellants,

v.

**OHIO STATE LOTTERY COMMISSION et al., Appellees.**

[Cite as *Couchot v. Ohio State Lottery Comm.* (1991), 71 Ohio App.3d 371.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1320.

Decided March 19, 1991.

*Vorys, Sater, Seymour & Pease, Gerald P. Ferguson, Raymond D. Anderson* and *Katherine Spies Giumenti,* for appellants.

*Lee I. Fisher*, Attorney General, *Nancy Rogoff, Richard Farrin* and *Lorraine M. Nestor*, for appellees.

McCORMAC, Judge.

Plaintiffs-appellants, Richard L. and Katherine Couchot, instituted this action in the Franklin County Court of Common Pleas against defendants-appellees, the State Lottery Commission; Ohio Department of Taxation; Mary Ellen Withrow, in her official capacity as the Treasurer of the state of Ohio; and the state of Ohio. Along with a claim for reimbursement of taxes collected and damages for breach of contract, appellants' complaint sought declaratory and injunctive relief concerning the constitutionality of certain provisions of R.C. Chapters 5747 and 3770, which subject out-of-state lottery winners to Ohio income tax withholding.

Appellee lottery commission responded to appellants' complaint with a motion to dismiss predicated on Civ.R. 12(B)(1), contending that the action was one for money damages and that jurisdiction was exclusively vested in the Court of Claims. The trial court sustained the lottery commission's motion to dismiss concluding that it had no subject matter jurisdiction.

Appellants appeal and raise the following assignments of error:

*"Assignment of Error No. 1:*

"The court of common pleas erred in finding that plaintiffs' amended complaint, which sought a declaratory judgment, a permanent injunction, and a recovery of taxes pursuant to Chapter 2723, Ohio Revised Code, asserted a claim for monetary damages which could only be commenced in the Court of Claims of Ohio, and in dismissing plaintiffs' action for lack of subject matter jurisdiction.

*"Assignment of Error No. 2:*

"Assuming, arguendo, that plaintiffs' amended complaint set forth a claim for monetary damages which could only be commenced in the Court of Claims, the court of common pleas erred in dismissing the entire action and in not retaining and exercising jurisdiction over those claims set forth in the amended complaint over which it had jurisdiction."

On March 2, 1988, appellants, residents of Kentucky, purchased a Super Lotto ticket. In the drawing held that evening, appellants' ticket was selected as the only winner of a $21,000,000 jackpot. At the time, Ohio law did not provide for assessment of income tax on lottery winnings of non-residents.

Shortly thereafter, appellants and the lottery commission exchanged documents establishing a payment schedule, whereby appellants would receive

payments of $1,050,000 per year, less $210,000 in federal taxes, for the next twenty years. Appellants received their 1988 and 1989 payments without incident. However, effective January 1, 1990, R.C. 5747.02 was amended to make out-of-state lottery winners subject to Ohio's income tax. As a result of the amendment, the lottery commission withheld $36,750 from appellants' 1990 lottery prize payment.

Appellants paid the tax under protest and filed suit challenging the constitutionality of amended R.C. 5747.02. Appellants claim that, as amended, the law represents an unconstitutional impairment of contract, violates the prohibition against retroactive laws, and denies them due process. Appellants' claims are founded on provisions of both the Ohio and the United States Constitutions. Appellants also pled breach of contract by the lottery commission and requested relief in the nature of costs and attorney fees.

Appellants' assignments of error are interrelated and will be discussed together. The issue presented is whether the court of common pleas had subject matter jurisdiction over any part of the alleged claims. Appellants argue that R.C. 2723.01 vests jurisdiction in the court of common pleas. R.C. 2723.01 provides:

"Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."

Appellees successfully argued to the trial court that, since appellants' complaint contained a breach of contract claim, it was actually a suit for monetary damages against an agency of the state and, hence, must be commenced in the Court of Claims pursuant to R.C. 2743.02(A)(1). In pertinent part, R.C. 2743.02(A)(1) states:

"(A)(1) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

■ It is appellees' contention that we should affirm the trial court. They advance two arguments in support. First, appellees argue that this is strictly a breach of contract action that must be brought in the Court of Claims.

Secondly, appellees argue that R.C. 5703.28 prohibits the court of common pleas from issuing an injunction even if it has subject matter jurisdiction over the action.

Appellants' complaint, in addition to alleging a breach of contract by the lottery commission, asserts that R.C. 5747.02 is unconstitutional as applied. Appellants' prayer is for declaratory and injunctive relief, as well as a refund of taxes paid. There appears to be no specific prayer for relief that corresponds to appellants' claim for breach of contract. Each item of requested relief parallels the remedies provided by R.C. 2723.01 with the possible exceptions of costs and attorney fees. Generally, the court must exercise that jurisdiction which it possesses. *Konicek v. Elyria* (1987), 37 Ohio App.3d 43, 523 N.E.2d 516. If the court of common pleas can exercise jurisdiction over the illegal collection of the tax, it must do so even if it does not have jurisdiction over a combined contract action.

In 1975, with the passage of the Court of Claims Act, Ohio waived sovereign immunity and consented to be sued in the newly established Court of Claims. However, to the extent that the state had already consented to suit, the Court of Claims Act does not apply. The state had consented to be sued for the illegal collection of taxes prior to the Court of Claims Act, since R.C. 2723.01 predates the Court of Claims Act and vests jurisdiction over certain actions in another forum; therefore, that consent, and the jurisdiction of the court of common pleas, is not affected by the Court of Claims Act. See *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St.3d 317, 28 OBR 386, 503 N.E.2d 1025.

R.C. 2723.01 has not been superseded by R.C. Chapter 2743.

As the Supreme Court held in *Racing Commission, supra*, at syllabus:

"An action for injunctive relief may be brought against the state, as defined in R.C. 2743.01(A), in a court of common pleas. (*Brownfield v. State* [1980], 63 Ohio St.2d 282 [17 O.O.3d 181, 407 N.E.2d 1365], overruled in part.)"

Therefore, the court of common pleas did have subject matter jurisdiction, at least to the degree that it may rule on the constitutionality of R.C. 5747.02, as applied to appellants, as a basis for the action under R.C. 2723.01. The trial court erred when it held that it had no subject matter jurisdiction.

■ Appellees also argue that R.C. 5703.38 limits the common pleas court's authority to the extent that an injunction may not issue. R.C. 5703.38 provides:

"No injunction shall issue suspending or staying any order, determination, or direction of the department of taxation, or any action of the treasurer of state or attorney general required by law to be taken in pursuance of any

such order, determination, or direction. This section does not affect any right or defense in any action to collect any tax or penalty."

It is important to note that the basis for appellants' action is a challenge of an enactment of the General Assembly and not a directive of a state agency. Since the tax has already been paid, the trial court's action would not operate directly as a stay.

Appellees cite a line of cases commencing with *Torbet v. Kilgore* (1966), 6 Ohio St.2d 42, 35 O.O.2d 48, 215 N.E.2d 579, in support of their contention. Appellees' cited cases all involve challenges to a decision made by the Department of Taxation. In *Torbet,* the Tax Commissioner ruled that plaintiffs should have listed certain stocks on their 1962 intangible tax returns, while plaintiffs alleged that they had not received the stocks until after the tax listing day. In this case, appellants challenge no such ruling, but, instead, have paid the tax under protest and are now challenging the constitutionality of the statute authorizing the levy. In this regard, R.C. 5703.38 is inapplicable. See *Herrick v. Kosydar* (1975), 44 Ohio St.2d 128, 73 O.O.2d 442, 339 N.E.2d 626. It is also apparent that a declaratory judgment action under R.C. 2723.01 provides a more expedient remedy. If appellants commenced an action under R.C. Chapter 5703, the constitutional claim which is the principal claim made would be deferred since an administrative agency is without jurisdiction to determine constitutional issues. *S.S. Kresge Co. v. Bowers* (1960), 170 Ohio St. 405, 11 O.O.2d 157, 166 N.E.2d 139.

While the decision to issue a declaratory judgment is within the sound discretion of the trial court, a determination of jurisdiction is not discretionary. Subject matter jurisdiction either lies or it does not. There is no discretion involved in deciding whether the court has subject matter jurisdiction. It is premature for us to rule on the merits of claims made pursuant to R.C. 2723.01, since issues thereunder have not been tried on their merits before the trial court.

To the extent that the trial court had jurisdiction over appellants' claim for declaratory and injunctive relief and a refund of taxes paid, the trial court's judgment is reversed. In light of a ruling on the issues thereunder, the court should then consider what relief it has jurisdiction to render.

Appellants' assignments of error are sustained. The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and WHITESIDE, JJ., concur.