[Cite as *Riverside v. State*, 2014-Ohio-1974.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

CITY OF RIVERSIDE

      Plaintiff-Appellant

v.

STATE OF OHIO

      Defendant-Appellee

Appellate Case No.    26024

Trial Court Case No.   2013-CV-4691

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 9th day of May, 2014.

. . . . . . . . . . .

DANIEL J. BUCKLEY, Atty. Reg. No. 0003772, ADAM C. SHERMAN, Atty. Reg. No. 0076850, JACOB D. MAHLE, Atty. Reg. No. 0080797, JESSICA K. BAVERMAN, Atty. Reg. No. 0083951, 301 East Fourth Street, Suite 3500, Cincinnati, Ohio 45202, JOHN KULEWICZ, Atty. Reg. No. 0008376, 52 East Gay Street, P.O. Box 108, Columbus, Ohio 43216
      Attorneys for Plaintiff-Appellant

RICHARD N. COGLIANESE, Atty. Reg. No. 0066830, ZACHERY KELLER, Atty. Reg. No. 0086930, Assistant Attorneys General, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215
      Attorneys for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Plaintiff-Appellant, City of Riverside ("Riverside"), appeals from a trial court decision granting a motion to dismiss that was filed by Defendant-Appellee, State of Ohio. Riverside contends that it complied with standing requirements for bringing its action, and that the trial court erroneously applied an improper standard in ruling on the motion to dismiss.

{¶ 2}   We conclude that the trial court erred in finding that Riverside lacked standing to bring its action. The allegations in the complaint, taken as true, satisfy the requirements for third-party standing. Accordingly, the judgment of the trial court will be reversed.

## I.   Facts and Course of Proceedings

{¶ 3}   In August 2013, Riverside filed a complaint for declaratory judgment against the State of Ohio, alleging that R.C. 718.11(H)(11) violates the Equal Protection Clauses of the United States and Ohio State constitutions. R.C. 718.11(H) exempts certain individuals who work on Wright Patterson Air Force Base ("WPAFB") from municipal taxation.

{¶ 4}   In the complaint, Riverside alleged that in 1994, the Village of Riverside had merged with Mad River Township to create Riverside. As a result of the merger, parts of WPAFB were physically located within Riverside. These parts included the area of WPAFB formerly known as Page Manor, the National Museum of the United States Air Force, and a portion of what is known as "Area B."

{¶ 5}   In 2005, a court decision held that the merger was valid, and that Riverside could levy its municipal income tax, which was 1.5%, on civilian employees and civilian contractors working on the parts of WPAFB that were located within Riverside. In April 2007, Riverside obtained the names and base mail locations of all civilian employees and civilian

contractors working at WPAFB, and began attempting to collect the tax. However, the legislature then enacted R.C. 718.01(F)(11) [now R.C. 718.01(H)(11)], which exempted these employees and contractors from Riverside's municipal tax.

{¶ 6} Riverside initially filed a declaratory judgment action against the State of Ohio in the Franklin County Court of Common Pleas. In that complaint, which was filed in August 2008, Riverside alleged three grounds for invalidating R.C. 718.01(H)(11): (1) that it violated 4 U.S.C. 105 et. seq. (known as the Buck Act); (2) that it violated the Ohio and federal Equal Protection Clauses; and (3) that it violated the "one-subject rule" of the Ohio Constitution. *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, 944 N.E.2d 281, ¶ 2 (10th Dist.2010)(*Riverside I*). The trial court granted summary judgment to Riverside on the first and third grounds, and held the statute unconstitutional. However, the court denied summary judgment to Riverside on the equal protection claim. In this regard, the court of appeals noted that:

> With respect to the city's equal protection argument, however, the [trial] court concluded that summary judgment was inappropriate. The record contained insufficient facts to determine whether the city had standing to assert an equal protection claim. Nevertheless, discussing the city's equal protection argument as if standing existed, the court also stated, "While * * * in a full hearing with appropriate evidence being presented, it is possible that the State's argument on equal protection [asserting a rational basis for the statute] would fail, this court cannot say that summary judgment should be granted to [the city] on this issue."
> *Riverside I* at ¶ 5, quoting from the trial court decision.

{¶ 7}    On appeal, the Tenth District Court of Appeals reversed the trial court's grant of summary judgment.  The court concluded that R.C. 718.01(H)(11) did not conflict with the Buck Act, because the Buck Act allowed states to extend taxes to persons residing in or carrying on business in federal areas.  Rather than taxing, however, the State had simply decided not to exercise its jurisdiction to tax, and had not undermined the Act's effect.  *Id.* at ¶ 19-33.  In addition, the court of appeals rejected the application of the one-subject rule.  The court reasoned that "provisions in appropriations bills directly related to taxation and revenue generation have survived one-subject scrutiny[,]" and the restriction on Riverside's ability to generate income had "a direct effect on the state's funding for the city."  *Id.* at ¶ 44-45.

{¶ 8}    The Tenth District Court of Appeals refused to consider the standing issue because the trial court had not ruled on the matter or on the merits of the equal protection argument.  Accordingly, the court remanded the case to the trial court for further resolution.  *Id.* at ¶ 58.

{¶ 9}    According to the State, Riverside subsequently dismissed the action in Franklin County without prejudice, and filed a second action in federal district court.  Riverside then stipulated to dismissal of that action due to lack of subject matter jurisdiction.  However, Riverside's complaint did not make any allegations about the prior actions.

{¶ 10}    In the complaint filed in Montgomery County Common Pleas Court in August 2013, Riverside alleged that the action against the State was being brought on behalf of three groups: (1) Riverside's taxpaying residents who receive the benefit of city services that are funded in part by municipal income tax, and are negatively impacted by R.C. 718.01(H)(11)'s prohibition on collection of municipal tax; (2) individuals working within Riverside's boundaries

on premises other than WPAFB who are subject to Riverside's income tax; and (3) Ohio citizens who are federal employees not working at WPAFB and who are subject to the municipal income tax of the municipality in which they work.

{¶ 11}    Paragraph 22 of the complaint discusses Riverside's standing to assert the right of these citizens.   This paragraph alleges that Riverside had suffered an injury-in-fact by being prohibited from collecting the tax; that Riverside possesses a sufficiently close relationship to these Ohio citizens; and that these citizens face hindrances to bringing suit.   The hindrances alleged include: (1) the expense of litigation; (2) lack of incentive due to the high cost of litigation and the lack of a direct financial stake on the part of each individual plaintiff; and (3) the threat of sanctions that could be levied against the plaintiffs.

{¶ 12}    Riverside asked for a declaration that R.C. 718.01(H)(11) violates the Equal Protection Clauses of the federal and state constitutions by arbitrarily and capriciously granting tax exemptions to employees and contractors working at WPAFB, while denying the exemption to similarly-situated Ohio citizens.   Riverside also requested injunctive relief.

{¶ 13}    In September 2013, the State filed a motion to dismiss pursuant to Civ.R 12(B)(1) and (6).   The State alleged that Riverside was not entitled to bring equal protection claims against the State, and that Riverside failed to set forth a viable theory of relief on substantive grounds.   In addition, the State alleged that Riverside lacked standing to bring claims on behalf of the identified Ohio citizens and that the tax exemption satisfied rational basis scrutiny.

{¶ 14}    After reviewing the memoranda filed by the parties, the trial court sustained the State's motion to dismiss.   The court's decision was based solely on the conclusion that the

hindrances alleged by Riverside failed to constitute sufficient hindrances under relevant legal authority. Riverside appeals from the judgment dismissing its complaint.

## II. Did the Trial Court Err in Dismissing the Complaint?

{¶ 15}   Riverside's sole assignment of error states that:

> Where the City of Riverside Alleged Each Element of the Third-Party Standing Doctrine and Specific Facts in Support of Each Element, the Trial Court Erred in Dismissing the Complaint.

{¶ 16}   Under this assignment of error, Riverside contends that it alleged the appropriate elements necessary to establish third-party standing in Ohio, and that the trial court erroneously applied a more stringent standard than notice pleading requires. In response, the State argues that the allegations in the complaint are limited and vague. The State also argues that even if the complaint adequately pleads third-party standing, the dismissal was correct in view of other reasons for dismissal that the State raised in the trial court.

{¶ 17}   The State's motion was made pursuant to Civ.R. 12(B)(1) and (6), which are based, respectively, on "lack of subject matter jurisdiction" and "failure to state a claim upon which relief can be granted." "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989). (Citations omitted.) However, "[t]he trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion

into one for summary judgment." *Southgate Development Corp. v. Columbia Gas Transmission Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526, 527 (1976), paragraph one of the syllabus. When deciding if the trial court erred, we consider the matter de novo and apply the same standards as the trial court. *Toliver v. Montgomery Cty. Jobs & Family Servs. Div.*, 2d Dist. Montgomery No. 22979, 2009-Ohio-3521, ¶ 24. (Citations omitted.)

{¶ 18} In contrast, the court noted in *Bush* that:

A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted will only be granted where the party opposing the motion is unable to prove any set of facts that would entitle him to relief. *Korodi v. Minot* (1987), 40 Ohio App.3d 1, 3, 531 N.E.2d 318, 321. Indeed, before a court may dismiss an action under this rule, " * * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. To make this determination, the court is required to interpret all material allegations in the complaint as true and admitted. *Phung v. Waste Management, Inc.* (1986), 23 Ohio St.3d 100, 102, 23 OBR 260, 262, 491 N.E.2d 1114, 1116. *Bush*, 42 Ohio St.3d at 80.

{¶ 19} Because the trial court used only the Civ.R. 12(B)(6) standard, we will do the same. As was noted, the trial court concluded that the hindrances alleged by Riverside were insufficient. This particular criterion is based on the test for third-party standing that was outlined in *E. Liverpool v. Columbiana Cty. Budget Comm.*, 114 Ohio St.3d 133, 2007-Ohio-3759, 870 N.E.2d 705. In that case, the city of East Liverpool brought an action

alleging that 2002 Sub.H.B. No. 329 (which related to methods of apportioning county funds among political subdivisions), violated the constitutional guarantees of uniformity and equal protection. *Id.* at ¶ 1-2. In discussing the equal protection challenge, the Supreme Court of Ohio first noted that political subdivisions ordinarily do not receive " 'protection from the Equal Protection or Due Process Clauses vis-a-vis its creating state.' " *Id.* at ¶ 20, quoting *Avon Lake City School Dist. v. Limbach*, 35 Ohio St.3d 118, 122, 518 N.E.2d 1190 (1988). However, in the specific case at hand, East Liverpool was not asserting equal protection rights for itself; it was advancing these rights on behalf of its citizens and council members. *Id*. at ¶ 21.

{¶ 20} The Supreme Court of Ohio noted that political subdivisions generally lack standing to assert the rights of third parties. *Id.* Nonetheless, the court elected to follow federal decisions, which recognize an exception to the general rule "when a claimant (i) suffers its own injury in fact, (ii) possesses a sufficiently ' "close" relationship with the person who possesses the right,' and (iii) shows some 'hindrance' that stands in the way of the claimant seeking relief." *E. Liverpool* at ¶ 22, quoting *Kowalski v. Tesmer*, 543 U.S. 125, 129-130, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004).

{¶ 21} Concerning the first factor, the Supreme Court of Ohio observed that:

> * * * East Liverpool suffers a direct injury to its own treasury. Indeed, the equal protection interest of East Liverpool's citizens concerns their interest in the city's treasury: if East Liverpool is deprived of its voice in determining the nature of the alternative method of apportionment, the city may have less money to furnish services to its citizens. The injury claimed by East Liverpool is intertwined with the injury claimed by its citizens. *Id*. at ¶ 23.

**{¶ 22}** These comments apply equally to Riverside, because Riverside's inability to tax commuters working at WPAFB means that the city may have less money to provide   services for its citizens.   Regarding the second branch of the test, the Supreme Court of Ohio concluded that the city of East Liverpool and its residents had a close relationship in view of the fact that "[t]he city and its citizens have an interdependent interest in the city's treasury."  *E. Liverpool*, 114 Ohio St.3d 133, 2007-Ohio-3759, 870 N.E.2d 705, at ¶ 24.   Again, these observations would pertain equally to the situation of Riverside and its citizens.

**{¶ 23}** Finally, regarding the "hindrance factor," the Supreme Court of Ohio noted that:

Third, efforts by East Liverpool's citizens to assert their own claims have been hindered.   Certain individual citizen/taxpayers of East Liverpool already tried to assert an equal protection claim, only to have it denied for lack of standing.  *Satow v. Columbiana Cty. Budget Comm.*, Columbiana App. No. 04-CO-13, 2005-Ohio-5312, 2005 WL 2450165, ¶ 8, 20-22. Specifically, the Seventh District Court of Appeals in *Satow* concluded that individual citizens of East Liverpool "merely allege injuries that harm the public generally and have failed to adduce personal injuries caused by the statute." *Id.* at ¶ 21.   Therefore, we believe that East Liverpool is the appropriate claimant under these circumstances to assert the equal protection claim on behalf of its citizens.   See *Craig v. Boren* (1976), 429 U.S. 190, 197, 97 S.Ct. 451, 50 L.Ed.2d 397. See, also, *Cincinnati City School Dist. v. State Bd. of Edn.* (1996), 113 Ohio App.3d 305, 314, 680 N.E.2d 1061 (permitting school district to challenge territory transfer based on equal protection rights of students); *Washington v. Seattle*

*School Dist. No. 1* (1982), 458 U.S. 457, 102 S.Ct. 3187, 73 L.Ed.2d 896 (school district successfully challenged state ballot initiative as violating equal protection rights of students).   *E. Liverpool* at ¶ 25.

{¶ 24}   In the case before us, the trial court made the following observations when it held that Riverside made "insufficient factual allegations to demonstrate its standing":                    * * *  Riverside's broad assertions that the individuals who possess the relevant rights face hindrances, including the expenses of litigation and lack of a direct financial stake in the outcome, are insufficient to show a hindrance that stands in the way of those individuals seeking relief.   Decision, Order and Entry Sustaining Defendant State of Ohio's Motion to Dismiss; Entry of Dismissal, Doc. #19, p. 12.

{¶ 25}   We disagree with the trial court.   We see no difference between the status of the citizens in *E. Liverpool* and the status of the citizens of Riverside.   In both situations, the interest of the citizens in the treasury of the city is the same.   There is also no indication that the citizens of Riverside would be any more successful in bringing suit on their own behalf than the citizens of East Liverpool were. The allegations in the complaint do not indicate that these citizens suffered any type of personal injury or that the injuries are anything other than the harm generally suffered by the public.

{¶ 26}   Admittedly, the Riverside citizens did not file a complaint and have it dismissed for lack of standing.   However, we do not read *E. Liverpool* to require such a futile gesture before a city can file suit on behalf of its citizens.   The Supreme Court of Ohio did not state this type of waste of judicial resources and money would be required.

**{¶ 27}** The cases cited by the Supreme Court of Ohio in connection with the "hindrance" prong also do not outline such a requirement. For example, in *Cincinnati City School Dist.*, 113 Ohio App.3d 305, 680 N.E.2d 1061(10th Dist. 1996), the court of appeals concluded that a school district had standing to assert the equal protection rights of its students. *Id.* at 314-316. There is no indication in the case that the students had attempted to file an action of any kind, or that they had attempted to intervene in the school district's case.

**{¶ 28}** We have emphasized that "Ohio is a notice pleading, not a fact pleading, state." (Citation omitted.) *Springfield v. Palco Invest. Co., Inc.*, 2013-Ohio-2348, 992 N.E.2d 1194, ¶ 33 (2d Dist.) We have also stressed that plaintiffs do not have to prove their cases at the pleading stage. *Id.* Accepting the allegations in the complaint as true, as is required for purposes of Civ.R. 12(B)(6), we conclude that Riverside met the requirements under *E. Liverpool* to establish standing on behalf of third-parties. Accordingly, the trial court erred in holding otherwise.

**{¶ 29}** The State contends, however, that even if Riverside had standing, the dismissal should be affirmed on other grounds. First, the State argues that the tax exemption does not affect the equal protection rights of Riverside residents as a whole, because it does not treat Riverside residents themselves differently with respect to Riverside's municipal income tax. However, that is not the focus of the complaint. As Riverside points out, Riverside residents who work in other municipalities are required to pay tax to those municipalities, while employees and contractors who work in Riverside at WPAFB do not have to pay tax to Riverside. Furthermore, persons who work within Riverside's boundaries on premises other than WPAFB are subject to municipal tax, while employees and contractors who work in Riverside at WPAFB

are exempt from the tax. Whether such differences constitute a violation of equal protection is a matter for the merits of the case, not a decision to be made after reviewing the complaint. We note that the trial court did not address these matters.

{¶ 30} Additionally, the State argues that Riverside failed to plead a proper theory for declaratory or injunctive relief. In this regard, the State contends that the Declaratory Judgment Act does not create substantive rights, and that Riverside must identify the source of its "substantive" right to sue. Although Riverside has already indicated that its claims are being brought pursuant to the Equal Protection Clauses of the United States and Ohio State constitutions, the State argues that this is not enough.

{¶ 31} The State first notes that the Fourteenth Amendment of the United States Constitution does not allow a private right of action. Second, the State argues that the means of enforcing the Fourteenth Amendment is a claim brought under 42 U.S.C. 1983, but the State is not a proper defendant for that purpose. Finally, the State maintains that Article I, Section 2 of the Ohio Constitution (which encompasses Ohio's version of the Fourteenth Amendment), is not self-executing and does not provide substantive rights. Again, the State raised these matters in the trial court, but the court did not consider them when it dismissed the complaint. Nonetheless, as the State points out, courts "have consistently held that a reviewing court should not reverse a correct judgment merely because it is based on erroneous reasons." *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 51, citing *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990).

{¶ 32} As was noted, Riverside's complaint requested a declaratory judgment and injunctive relief. The Declaratory Judgment Act is codified in Chapter 2721 of the Ohio

Revised Code.  R.C. 2721.03 of Chapter 2721 provides that (subject to an exception that is not relevant):

> \* \* \* [A]ny person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

{¶ 33}  Municipal corporations are specifically included as "persons" for purposes of the Declaratory Judgment Act.  R.C. 2721.01.  Thus, a municipal corporation may, under the Act, have questions determined regarding construction or validity arising under a statute. Likewise, other persons, like the citizens Riverside represents, may have the construction or validity of statutes determined in a declaratory judgment action.  *See, e.g.*, *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 10 and 19 (holding that non-resident property owners had standing to bring a declaratory judgment action seeking a declaration that the city's ordinances, which affected the abutting property of a city resident, were "arbitrary, capricious, and unconstitutional and violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution \* \* \*.").

{¶ 34}  Constitutional challenges, including equal protection claims, have been brought in numerous other cases.  *See, e.g., Couchot v. Ohio State Lottery Comm*., 71 Ohio App.3d 371,

373, 594 N.E.2d 42 (10th Dist.1991) (holding that the common pleas court has jurisdiction over a case requesting declaratory and injunctive relief, based on claims that a statute, as amended, which required payment of Ohio taxes by non-residents on lottery proceeds was an unconstitutional impairment of contract, violated prohibitions against retroactive laws, and denied the non-resident due process); *Andreyko v. Cincinnati,* 153 Ohio App.3d 108, 2003-Ohio-2759, 791 N.E.2d 1025, ¶ 1 and 18 (1st Dist.) (holding that the plaintiff had proved that "creation of two classes of nonuniformed employees seeking prior service credit – one purchasing credits at a subsidized cost and the other bearing the full cost – violated his constitutional right to the equal protection of the laws."); and *Tobacco Use Prevention & Control Found. Bd. of Trustees v. Boyce*, 185 Ohio App.3d 707, 2009-Ohio-6993, 925 N.E.2d 641, ¶ 1-13 (10th Dist.), *aff'd.*, 127 Ohio St.3d 511, 2010-Ohio-6207, 941 N.E.2d 745 (a declaratory judgment action that alleged the unconstitutionality on various grounds of 2008 H.B. No. 544. This statute, among other things, liquidated a tobacco endowment fund and distributed the proceeds into the Ohio State treasury.)

{¶ 35} In *Moore*, the Supreme Court of Ohio stressed that "judges are cautioned to remember, standing is not a technical rule intended to keep aggrieved parties out of court. ' "Rather, it is a practical concept designed to insure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." ' " *Id.* at ¶ 47, quoting *Fort Trumbull Conservancy, L.L.C. v. Alves*, 262 Conn. 480, 486, 815 A.2d 1188 (2003) (Other citation omitted.) The court also made the following comments in *Moore*, which are relevant to our case:

The court of appeals in this case asserted that R.C. 2721.03 merely represents a legislative grant of jurisdiction to Ohio courts to hear declaratory-judgment actions and that the statute does not answer the separate question of whether the plaintiff has standing to sue. Although it is true that R.C. Chapter 2721 is the legislative source of a cause of action for declaratory relief, we do not necessarily agree that the statute does not confer standing. Indeed, standing can be created by legislation. *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986). But aside from whether the statute itself confers standing, our cases make clear that we are generous in considering whether a party has standing. (Footnote omitted.*) Moore* at ¶ 48.

{¶ 36} Thus, contrary to the State's claims, a declaratory judgment action is not merely a procedural grant of jurisdiction to state courts, but can confer standing as well. In *Moore*, the Supreme Court of Ohio went on to observe that:

Our precedent also makes clear that declaratory relief is available to a plaintiff who can show that (1) a real controversy exists between the parties, (2) the controversy is justiciable, and (3) speedy relief is necessary to preserve the rights of the parties. *Haig v. Ohio State Bd. of Edn*., 62 Ohio St.3d 507, 511, 584 N.E.2d 704 (1992); *Burger Brewing Co. v. Ohio Liquor Control Comm*., 34 Ohio St.2d 93, 97, 296 N.E.2d 261 (1973). Courts have the duty to ensure that plaintiffs plead these elements for purposes of declaratory-judgment actions and that the complaint sufficiently avers injury, causation, and redressability. Thus, our generosity is tempered by an insistence on sufficiency in the pleadings. If a

party fails to establish any of the necessary showings to bring the claims, the judge must dismiss the cause. *Moore*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, at ¶ 49.

**{¶ 37}** After reviewing the allegations in the complaint, we conclude that they comply with the above requirements. It is clear that a real controversy exists, that the controversy is justiciable, and that speedy relief is necessary to preserve the rights of the parties. Whether Riverside would ultimately prevail on the merits is not implicated in this analysis, which pertains only to whether Riverside has standing to bring the action.

**{¶ 38}** We also agree with Riverside that the State confuses the legal issues. Riverside is not attempting to bring a private right of action to recover a judgment against the State; instead, Riverside is attempting to challenge the constitutionality of a particular statute enacted by the General Assembly. A declaratory judgment action is the proper avenue for such challenges, and the case law cited by the State is not on point.

**{¶ 39}** For example, the State cites *PDU, Inc. v. City of Cleveland*, 8th Dist. Cuyahoga No. 81944, 2003-Ohio-3671, for the proposition that the Equal Protection Clause in the Ohio Constitution, Article 1, Section 2, is not self-executing, and does not provide courts with sufficient guidance to allow enforcement of its terms. From this, the State reasons that Riverside may not employ a declaratory judgment action because the Equal Protection Clause does not provide Riverside or its taxpayers with any substantive rights. We disagree. As was indicated, numerous cases allow actions to be filed to challenge legislation on constitutional grounds, including the fact that the statute violates the constitutional right of equal protection. The Declaratory Judgment Act is a proper vehicle for these actions.

{¶ 40}    In addition, however, *PDU, Inc.* has no bearing on the current situation.   In *PDU*, *Inc.*, a nightclub obtained a money judgment against the city of Cleveland because the city had allegedly violated its constitutional rights by improperly shutting down the nightclub.   *Id.* at ¶ 1-14.   On appeal, the Eighth District Court of Appeals reversed the judgment, concluding that there is no independent private cause of action that is created by Article 1, Section 2, as well as other sections of the Ohio Constitution, and that there is no statute in Ohio analogous to Section 1983.   *Id.* at ¶ 27. The court of appeals, therefore, determined that no cause of action was stated, and that the trial court should have granted summary judgment to the city.   *Id.* at ¶ 27-29. However, this holding is irrelevant for the reasons mentioned, i.e., Riverside is not suing the State to recover damages in a private cause of action.

{¶ 41}    The State's final argument is that the dismissal was proper because the tax exemption in R.C. 718.01(H)(11) satisfies rational basis scrutiny.    R.C. 718.01(H) provides, in pertinent part, that:

A municipal corporation shall not tax any of the following:

* * *

(11) Beginning August 1, 2007, compensation paid to a person employed within the boundaries of a United States air force base under the jurisdiction of the United States air force that is used for the housing of members of the United States air force and is a center for air force operations, unless the person is subject to taxation because of residence or domicile.  If the compensation is subject to taxation because of residence or domicile, municipal income tax shall be payable only to the municipal corporation of residence or domicile.

**{¶ 42}** "The Fourteenth Amendment to the United States Constitution requires any state to afford 'to any person within its jurisdiction the equal protection of the laws.' Section 2, Article I of the Ohio Constitution provides 'essentially identical' protection." *Park Corp. v. Brook Park,* 102 Ohio St.3d 166, 2004-Ohio-2237, 807 N.E.2d 913, ¶ 18, quoting *Kinney v. Kaiser Aluminum & Chem. Corp.*, 41 Ohio St.2d 120, 123, 322 N.E.2d 880 (1975). "The standard for determining whether a statute or ordinance violates equal protection is essentially the same under the state and federal Constitutions." (Citation omitted.) *Id.*

**{¶ 43}** This standard provides that courts in most cases will "give a large degree of deference to legislatures when reviewing a statute on an equal protection basis. A classification warrants some kind of heightened review only when it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic; otherwise, 'the Equal Protection Clause requires only that the classification rationally further a legitimate state interest.' " *Id.* at ¶ 20, quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992). The criteria for a rational basis inquiry are that:

> " '[T]he Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification, the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational.' " *Park Corp.* at ¶ 22, quoting *Fitzgerald v. Racing Assn. of Cent. Iowa*, 539 U.S. 103, 107, 123 S.Ct. 2156, 156 L.Ed.2d 97 (2003), which in turn, quotes *Nordlinger*, 505 U.S. at 11-12.

**{¶ 44}** The Supreme Court of Ohio also stressed in *Park Corp.* that "[t]his already deferential standard 'is especially deferential' in the context of classifications arising out of complex taxation law." *Park Corp.* at ¶ 23. (Citation omitted.) This is because "the States have large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation." *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 359, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973).

**{¶ 45}** Despite this deferential standard, we decline the State's invitation to uphold the dismissal based solely on the content of the complaint. As an initial matter, the trial court has not yet ruled on the question of whether the law is rationally based. Riverside should also be given an opportunity to develop a more complete factual record. As one example of how this has been done, the parties in *Park Corp.* "agreed to submit the case on briefs and a stipulated statement of facts." See *Park Corp. v. City of Brook Park*, 8th Dist. Cuyahoga No. 79410, 2002-Ohio-2246, ¶ 16, *rev'd.*, 102 Ohio St.3d 166, 2004-Ohio-2237, 807 N.E.2d 913. Similarly, in a case the State relies on, the trial court decided the constitutional issue only after the parties had filed competing motions for summary judgment. *Pickaway Cty. Skilled Gaming, L.L.C. v. Cordray*, 183 Ohio App.3d 390, 2009-Ohio-3483, 917 N.E.2d 305, ¶ 1, (10th Dist.), *rev'd.*, 127 Ohio St.3d 104, 2010-Ohio-4908, 936 N.E.2d 944.[1] Likewise, in *Moore*, when the Supreme Court of Ohio reversed the dismissal of the non-resident property owners' constitutional claims, the court stressed that:

> In so holding, we intimate no opinion on the merits of the property

---

[1] We also note that *Pickaway* involved a declaratory judgment raising constitutional challenges, including equal protection challenges, to amendments to state gambling statutes. *Pickaway*, 2009-Ohio-3483, at ¶ 10 and 41-52. The State's citation to this case is inconsistent with its claim that equal protection cannot provide a substantive basis for Riverside's action.

owners' due process, equal protection, and police-power claims. We simply hold that the property owners have a right to pursue discovery on those claims. If they are not able to marshal facts to support their theories, summary judgment – not a motion to dismiss for failure to state a claim – is an appropriate way to resolve the declaratory-judgment action in an efficient, fair manner. Moore, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, at ¶ 55.

**{¶ 46}** In the case before us, a more complete factual record would assist consideration of the issues. Accordingly, Riverside's assignment of error has merit and is sustained.


### III. Conclusion

**{¶ 47}** Riverside's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause will be remanded for further proceedings.


. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.


Copies mailed to:

Daniel J. Buckley
Adam C. Sherman
Jacob D. Mahle
Jessica K. Baverman
John Kulewicz
Richard N. Coglianese

Zachery Keller
Hon. Mary Katherine Huffman