[Cite as *Riverside v. Patino*, 2020-Ohio-4486.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| CITY OF RIVERSIDE, OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28563 |
| | : | |
| v. | : | Trial Court Case No. 2019-CVF-161E |
| | : | |
| ROBERT C. PATINO | : | (Civil Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of September, 2020.

. . . . . . . . . . .

DALMA C. GRANDJEAN, Atty. Reg. No. 0024841 and STEVEN E. BACON, Atty. Reg.
No. 0059926, One South Main Street, Suite 1590, Dayton, Ohio 45402
    Attorneys for Plaintiff-Appellee

ROBERT C. PATINO, 122 Sugarberry Drive, Dayton, Ohio 45431
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Robert C. Patino, appeals pro se from a judgment of the Montgomery County Municipal Court, Eastern Division, granting summary judgment in favor of plaintiff-appellee, the City of Riverside ("Riverside"), on its complaint for unpaid municipal income taxes. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On January 30, 2019, Riverside filed a civil complaint alleging that Patino resided in Riverside during the 2015 tax year and failed to pay municipal income taxes for that year. Riverside demanded a judgment against Patino in the amount of $735.69, which included the unpaid taxes, interest, and a tax penalty. Riverside also demanded statutory interest, the cost of filing the action, and any applicable post-judgment collection costs and fees as provided in R.C. 718.27(G).

{¶ 3} On February 16, 2019, Patino was successfully served with a copy of the complaint and a summons by certified mail. On February 26, 2019, Patino filed a pro se "Response." Attached to the response were several documents that Patino claimed proved his residential address, 122 Sugarberry Drive, "is in the Wright-Patterson [Air Force Base] municipality" and part of the "Properties of Wright Field," which "falls within the Mad River Township." The attached documents included website pages from the Ohio Department of Taxation and the Montgomery County Auditor, as well as correspondences between Patino and various non-party individuals and entities. None of the attached documents were sworn or certified in any manner.

{¶ 4} The trial court treated Patino's response as an answer to Riverside's

complaint and set the matter for trial. Riverside thereafter filed a motion for summary judgment with a supporting memorandum and affidavit. The affidavit was prepared by an employee of the Regional Income Tax Agency ("RITA"), which is Riverside's appointed income tax administrator. The RITA employee averred that Patino's Federal Form 1040s and W-2 Wage and Tax Statements relative to the 2015 tax year indicated that Patino resided within Riverside and owed $460.05 in municipal income taxes for that year. The RITA employee further averred that Patino failed to pay those taxes and has since incurred $47.92 in interest and a tax penalty of $227.72, for a total outstanding balance of $735.69.

{¶ 5} Patino did not file anything in response to Riverside's motion for summary judgment. After considering the pleadings and evidence presented, on October 3, 2019, the trial court granted Riverside's motion for summary judgment and ordered Patino to pay Riverside the amount requested in the complaint. Patino now appeals from that decision, raising two assignments of error for review.

**First Assignment of Error**

{¶ 6} Under his first assignment of error, Patino argues that the trial court erred in denying his "request" to dismiss the case with prejudice. The record, however, indicates that Patino made no such request. Although Patino claims that he filed a motion to dismiss the case with prejudice on August 15, 2018, the motion he is referring to was filed in separate case, Case No. 2018 CVF 00641E. That case was voluntarily dismissed by Riverside before the complaint in the instant case was filed.

{¶ 7} The only pleading Patino filed in the instant case was his pro se Response

to Riverside's complaint. In his response, Patino simply alleged that his residence is located in an area within the Wright-Patterson Air Force Base ("WPAFB") municipality and Mad River Township. Nowhere in the response did Patino request the trial court to dismiss the case for any reason. Because Patino never requested the trial court to dismiss the case, there is no dismissal ruling for this court to review on appeal.

{¶ 8} Patino's first assignment of error is overruled.


## Second Assignment of Error

{¶ 9} Under his second assignment of error, Patino contends that the trial court erred in granting summary judgment in favor of Riverside. We disagree.

{¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 11} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Id.* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits

or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Dresher* at 293. Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 12} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

{¶ 13} To satisfy its initial burden of affirmatively demonstrating that no genuine issue of material fact existed for trial, Riverside provided a sworn affidavit from an employee of Riverside's income tax administrator, RITA, averring that Patino's 2015 tax forms indicated that he resided within the municipality of Riverside at 122 Sugarberry Drive. The affidavit also averred that Patino failed to pay Riverside the municipal income taxes due for the 2015 tax year and then owed Riverside a total outstanding balance of $735.69. Riverside further provided a summary judgment decision from a previous case in the Montgomery County Court of Common Pleas—*Monarch Constr. v. Riverside*, Montgomery C.P. No. 2003 CV 03795 (Feb. 14, 2005). In that decision, the trial court held that by virtue of the Buck Act, Riverside had jurisdiction to levy income taxes against persons residing in certain areas of WPAFB, namely "Page Manor," an area which Riverside asserts is currently known as the "Properties of Wright Field," i.e., the area where Patino resides.

{¶ 14} The Buck Act allows states or local taxing authorities to levy or collect

income taxes from persons residing in or carrying on business in federal areas. *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, 944 N.E.2d 28, ¶ 27-29 (10th Dist. 2010); *Riverside v. State*, 2d Dist. Montgomery No. 26024, 2014-Ohio-1974, ¶ 7. Specifically, the Buck Act provides, in relevant part, that:

> No person shall be relieved from liability for payment of, collection of, or accounting for any sales or use tax levied by any State, or by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, on the ground that the sale or use, with respect to which such tax is levied, occurred in whole or in part within a Federal area; and such State or taxing authority shall have full jurisdiction and power to levy and collect any such tax in any Federal area within such State to the same extent and with the same effect as though such area was not a Federal area.

4 U.S.C. § 105(a).

{¶ 15} "The definition of 'Federal area' under the Act includes 'any lands or premises held or acquired by or for the use of the United States or any department, establishment, or agency, of the United States.' " *New Jersey v. New York*, 523 U.S. 767, 793, 118 S.Ct. 1726, 140 L.Ed.2d 993 (1998), fn. 12, quoting 4 U.S.C. § 110(e). It has been recognized that the Buck Act confers a right upon municipalities (like Riverside) to impose an income tax on individuals who reside in a portion of a Federal area (like WPAFB) that is within a municipality's boundaries. *See Howard v. Commrs. of Sinking Fund of City of Louisville*, 344 U.S. 624, 627, 73 S.Ct. 465, 97 L.Ed. 617 (1953).

{¶ 16} In support of summary judgment Riverside additionally cited R.C. 718.01(C)(13), which provides that the following income is exempt from municipal taxes:

Compensation paid to a person employed within the boundaries of a United States air force base under the jurisdiction of the United States air force that is used for the housing of members of the United States air force and is a center for air force operations, *unless the person is subject to taxation because of residence or domicile. If the compensation is subject to taxation because of residence or domicile, tax on such income shall be payable only to the municipal corporation of residence or domicile.*

(Emphasis added.)

{¶ 17} This court has previously recognized that: "As a result of R.C. 718.01(C)(13), employees and contractors presently working at a portion of WPAFB that is within Riverside qualify for an exemption from paying municipal income tax, *unless they also live in Riverside.*" (Emphasis added.) *Riverside v. State*, 2016-Ohio-2881, 64 N.E.3d 504, ¶ 6 (2d Dist.). Therefore, Riverside argued that while R.C. 718.01(C)(13) restricts its ability to tax the income of individuals employed within the boundaries of WPAFB, there is no similar restriction on Riverside's authority to levy and collect income taxes on its residents who live within WPAFB.

{¶ 18} Patino filed no response to Riverside's motion for summary judgment. Therefore, Patino did not fulfill his obligation under Civ.R. 56(E) to present evidence countering the foregoing arguments and evidence presented by Riverside. The only evidence presented by Patino were the unsworn documents attached to his response to Riverside's complaint. While the preferred approach is to submit properly verified documentation as required by Civ.R. 56(E), trial courts may consider unverified documents, so long as the opposing party fails to object. *Dailey v. Travelers Ins. Co.*,

2d Dist. Darke No. 1589, 2003-Ohio-680, ¶ 6; *Wolfe v. AmeriCheer, Inc.*, 10th Dist. Franklin No. 11AP-550, 2012-Ohio-941, ¶ 11, quoting *Columbus v. Bahgat*, 10th Dist. Franklin No. 10AP-943, 2011-Ohio-3315, ¶ 16 (" 'Absent an objection, a trial court has the discretion to consider unauthenticated documents when rendering summary judgment.' ").

{¶ 19} In this case, even if the trial court had decided to consider the unverified documents attached to Patino's response, those documents did not establish a genuine issue of material fact for trial. At best, Patino's documents merely established that his residence at 122 Sugarberry Drive is located within the Properties of Wright Field aka Page Manor[1] on WPAFB. That area is physically located within Riverside, as this court previously recognized that:

> In 1994, the Village of Riverside merged with Mad River Township to create the City of Riverside. Prior to the merger, Mad River Township included portions of WPAFB, and, thus, as a consequence of the merger, parts of WPAFB are now physically located within Riverside, including the area of WPAFB formerly known as Page Manor, the National Museum of the United States Air Force, and part of "Area B."

*Riverside*, 2016-Ohio-2881, 64 N.E.3d 504, at ¶ 3.

{¶ 20} Patino is not exempt from paying municipal income tax to Riverside simply because he lives in a portion of Riverside that is on WPAFB. *See* R.C. 718.01(C)(13); 4 U.S.C. § 105(a). Because the uncontroverted evidence established that Patino

---

[1] Although Patino predominately refers to his residential address as being located within the "Properties of Wright Field" on WPAFB, one of the documents Patino submitted with his response indicates that this area is also known as the "Page Manor vicinity."

resided in Riverside in 2015, failed to pay municipal income taxes to Riverside for the 2015 tax year, and owed Riverside a total outstanding balance $735.69 for unpaid taxes, interest, and a tax penalty, Riverside was entitled to a judgment against Patino as a matter of law. Therefore, based on the record before this court, the trial court did not err when it granted summary judgment in favor of Riverside.

**{¶ 21}** For the foregoing reasons, Patino's second assignment of error is overruled.

## Conclusion

**{¶ 22}** Having overruled both assignments of error raised by Patino, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Dalma C. Grandjean
Steven E. Bacon
Robert C. Patino
Hon. William C. Cox