[Cite as *CadleRock Joint Venture, L.P. v. Burnley*, 2016-Ohio-147.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

| | |
|---|---|
| Cadlerock Joint Venture, L.P. | Court of Appeals No. H-15-001 |
| Appellee | Trial Court No. CVH 2013 0914 |
| v. | |
| Clifford Burnley | **DECISION AND JUDGMENT** |
| Appellant | Decided: January 15, 2016 |

* * * * *

Clifford Burnley, pro se.

* * * * *

**JENSEN, P.J.**

{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas which granted summary judgment to plaintiff-appellee CadleRock Joint Venture, LP, in its action against defendant-appellant Clifford Burnley. For the reasons that follow, we affirm the decision of the trial court.

**{¶ 2}** In 2006, Clifford Burnley executed a promissory note in the sum of $46,700, secured by a second mortgage[1] on property in Douglasville, Georgia. Within a short period of time, Burnley defaulted on the note. The first mortgage holder caused the property to be sold at foreclosure on May 6, 2008, after which title to the property was transferred to the first mortgage holder.

**{¶ 3}** On November 15, 2013, CadleRock Joint Venture, L.P. ("CadleRock"), filed a complaint in the court below alleging that it is entitled to enforce the note under R.C. 1303.31. Attached to the complaint as Exhibit A is a copy of a note dated March 3, 2006 between the original lender, SouthStar Funding, LLC ("SouthStar") and Burnley. Affixed to the note is a copy of an allonge which transferred the note from SouthStar to GMAC Mortgage, LLC ("GMAC"). Attached to the complaint as Exhibit B is a copy of a Bill of Sale executed by GMAC and referencing an Unsecured Mortgage Note Sale Agreement in which GMAC sells, assigns, and conveys to CadleRock "all right, title and interest" in 1599 unsecured mortgage notes "described in Exhibit A." However, no exhibits were attached to the Bill of Sale.

**{¶ 4}** Burnley, pro se, filed an answer acknowledging the existence of a 2006 promissory note payable to SouthStar. However, he claimed "no knowledge as to whether the Note presented was a true and exact copy."

---

[1]No mortgage documents are found in the file. However, the note attached to the complaint bears the following notation at its foot: "GEORGIA - SECOND MORTGAGE - 1/80 – FNMA/FHLMC UNIFORM INSTRUMENT." The note also provides, at paragraph 5, "In addition to the protections given to the Note Holder under this Note, a Security Deed, dated March 03, 2006, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note."

2.

{¶ 5} Burnley filed six motions to dismiss from December 18, 2013, through January 30, 2014, asserting and reasserting numerous arguments. He also filed numerous affirmative defenses. Sometime thereafter, Burnley retained counsel. On April 17, 2017, counsel filed a "Supplemental Motion to Dismiss" asserting lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

{¶ 6} On May 9, 2014, CadleRock moved and was granted authority to file an amended complaint. In count one of its amended complaint, CadleRock once again claimed that it is a person entitled to enforce the note under R.C. 1303.31. CadleRock asserted that SouthStar endorsed the note to GMAC by virtue of the allonge affixed to the note and that GMAC then sold, transferred and assigned the note to CadleRock. CadleRock further asserted that GMAC endorsed the note to it by virtue of a second allonge affixed to the note. However, the note attached to the amended complaint as exhibit A does not include the allonge attached to the original complaint from SouthStar to GMAC. Rather, it includes only an allonge from GMAC, through its limited power of attorney, to CadleRock.

{¶ 7} On May 15, 2014, CadleRock filed a motion for summary judgment based solely on the fact that Burnley did not reply to requests for admissions it served on Burney before the amended complaint was filed. No allonges were affixed to the note attached to and incorporated in the requests for admissions.

{¶ 8} On June 5, 2014, Burnley filed a motion to dismiss citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶

3.

40, for the proposition that a "lack of standing at the commencement of a foreclosure action requires dismissal of the complaint." Burnley argued that because the note attached to the amended complaint did not include an allonge transferring the note from SouthStar to GMAC, the break in the chain of title defeated any claim that CadleRock had standing to maintain the proceedings. In response, CadleRock acknowledged that it inadvertently failed to include the first of two allonges, but argued that it should be allowed to correct the error by supplement.

{¶ 9} On August 14, 2014, Burnley filed a response to the motion for summary judgment citing *Schwartzwald* for the proposition that "standing is to be determined as of the commencement of suit." *Id.* at ¶ 24. He argued that CadleRock's motion for summary judgment concerned unanswered requests for admission referencing a version of the note attached to the original complaint and that said note failed to demonstrate CadleRock has a "legal right to claim an interest in or to otherwise enforce" the note. As such, Burnley asserted, any admission made to the note attached to the original complaint was moot because a different version of the note was filed with the amended complaint.

{¶ 10} A hearing on CadleRock's motion for summary judgment was held on August 27, 2014. Pamela Hudy, an account officer at CadleRock, testified that CadleRock purchased a pool of loans on December 2, 2008. She further testified that CadleRock was in possession of the original note – including two allonges – on the day the complaint was filed. After the hearing concluded, the trial court issued an order

4.

requiring CadleRock file a reply to Burnley's response in opposition and requiring Burnley to file a response to CadleRock's reply.

{¶ 11} On December 22, 2014, upon consideration of CadleRock's motion and supporting memorandum, the pleadings, affidavits, Burnley's response in opposition, CadleRock's reply, Burnley's second response in opposition, and Pamela Hudy's testimony, the trial court granted judgment in favor of CadleRock finding that "at all relevant and necessary times, [CadleRock] possessed the necessary standing as a holder of the note."

{¶ 12} Appellant, pro se, now challenges that judgment through the following assignments of error:

I. The trial court erred in granting the Appellee a Summary Judgment without the requisite evidentiary evidence to support it. The Appellee failed to demonstrate a valid, unbroken chain of assignment in the original complaint or the amended complaint. There was no evidentiary quality evidence presented to establish principal and interest due.

II. The trial court erred in denying the Appellant's Supplemental Motion to Dismiss on the Original Complaint for lack of standing. This motion was filed on 4/17/2014. The Appellant failed to establish a valid chain of assignment in the original complaint. The Bill of Sale did not mention a specific account. The original complaint stated the alleged note

5.

was "assigned, transferred" and not negotiated as required by law (complaint at ¶5).

III. The trial court erred in denying the Appellant's Motion to Dismiss on the Amended Complaint for lack of standing. This motion was filed on 6/5/2014. The Appellant failed to establish a valid chain of assignment. The allonge Cadlerock Inc. indorsed to the Appellee was improper as no evidence was presented in the amended complaint to demonstrate the Cadlerock Inc. had any legitimate interest in the note. There was also no explanation as to how Homecoming Financial and their alleged Power of Attorney had any relevance to the transaction involving the Appellant's alleged note.

IV. The trial court erred in allowing erroneous admissions filed by the Appellee to be entered into evidence (Plaintiff/Appellees' Motion for Summary Judgment Exhibit A). These admissions failed to include a copy of the note and deed as stated in the Appellee's Discovery instructions and in admission requests numbered 11 and 12. Additionally, these admission requests contained questions that effectively denied the Appellant his right to due process (Discovery filed as exhibit A in Appellees' Motion for Summary Judgment). These admission requests were allegedly mailed prior to the filing of the Amended complaint, but then used as evidence after the Appellee filed the amended complaint. The alleged documentation

with the note had changed substantially with the Amended complaint.

These admission requests also asked questions for which a response had already been filed in the original complaint as well as additional affirmative defenses filed on 1/3/2014, 1/23/2014, and 1/28/2014.

## First Assignment of Error

{¶ 13} In his first assignment of error, Burnley argues the trial court erred in granting summary judgment to CadleRock. In support of this argument, Burnley first asserts that CadleRock "failed to demonstrate a valid, unbroken chain of assignment" of the note. Second, Burnley asserts there was insufficient evidence to establish principal and interest due.

{¶ 14} Appellate review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d

7.

264 (1996).  However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Civ.R. 56(E).

{¶ 15} The first issue before us under this assignment of error is whether Cadlerock is, in fact, a person entitled to enforce the promissory note.  Under the Ohio Revised Code, a "person entitled to enforce" an instrument means any of the following: "(1) The holder of the instrument; (2) A nonholder in possession of the instrument who has the rights of a holder; [or] (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code."  R.C. 1303.31(A).

{¶ 16} CadleRock asserts that the evidentiary materials attached to its September 17, 2014 reply to Burnley's memorandum in opposition demonstrate there are no genuine issues of material fact regarding its status as "holder" of the note.  We disagree.

{¶ 17} With respect to a negotiable instrument, a "holder" means, "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."  R.C. 1301.201(B)(21)(a).  "Determining whether a plaintiff-creditor is a holder requires physical examination not only of the face of the note but also of any indorsements."  *Bank of Am., N.A. v. Pasqualone*, 10th Dist. Franklin No. 13AP-87, 2013-Ohio-5795, ¶ 32.

8.

{¶ 18} The note attached to CadleRock's September 17, 2014 reply to defendant's memorandum in opposition to summary judgment as Exhibit A-1 includes two allonges. The undated allonge wherein SouthStar endorses the note to GMAC, and an allonge dated July 31, 2009, which purports to endorse the note from GMAC to CadleRock. The July 31, 2009 allonge provides, in relevant part, as follows:

Reference is made to that certain Note, dated March 3, 2006, from Clifford Burnley to SouthStar Funding, LLC in the original principal amount of $46.700.00. It is intended that this Allonge be attached to the Note.

Pay to the order of CADLEROCK JOINT VENTURE, L.P., without recourse.

Executed this 31st day of July, 2009, but effective as of November 19, 2008.

GMAC MORTGAGE, LLC

BY: HOMECOMINGS FINANCIAL, LLC, BY CADLEROCK JOINT VENTURE, L.P., BY CADLEROCK, INC., ITS GENERAL PARTNER, ITS ATTONEY IN FACT, BY LIMITED POWER OF ATTORNEY DATED JANUARY 12, 2009, BUT EFFECTIVE AS OF NOVEMBER 19, 2008 AND RECORDED ON JANUARY 21, 2009 WITH THE TRUMBULL COUNTY RECORDER, OHIO UNDER INSTRUMENT NO. 200901210001182.

9.

The January 12, 2009 limited power of attorney states: "Homecomings Financial, LLC, for itself and for those entities listed on Schedule A (collectively "Assignor") hereby appoints CADLEROCK JOINT VENTURE, L. P. * * * as its attorney- in-fact to act in the name, place and stead of the Assignor * * *." In turn, Schedule A lists 22 entities including GMAC.

{¶ 19} "A power of attorney is a written instrument authorizing an agent to perform specific acts on behalf of its principal." *Testa v. Roberts*, 44 Ohio App.3d 161, 164, 542 N.E.2d 654 (6th Dist.1988) (citation omitted). There is insufficient documentation admitted in this matter to demonstrate whether or how Homecomings Financial, LLC, had the authority to appoint CadleRock as attorney-in-fact for GMAC. Therefore, the limited power of attorney is invalid and the July 31, 2009 allonge is ineffective as a negotiation. Thus, the trial court erred when it held CadleRock was a holder of the note. This error is harmless, however, as we find merit in CadleRock's alternate argument that it has standing to sue as a non-holder in possession who has the right to enforce the Note.

{¶ 20} In *LaSalle Bank Natl. Assn. v. Brown*, 2014-Ohio-3261, 17 N.E.3d 81 (2d Dist.), the Second District Court of Appeals stated, "a person need not be a 'holder' of the instrument in order to be entitled to enforce it. Instead, a person can be a non-holder in possession of the instrument who has the rights of a holder." *Id.* at ¶ 36. The Second District explained:

10.

[A] person becomes a nonholder in possession if the physical delivery of the note to that person constitutes a "transfer" but not a "negotiation." * * * Under the UCC, a "transfer" of a negotiable instrument "vests in the transferee any right of the transferor to enforce the instrument." UCC § 3-203(b). As a result, if a holder transfers the note to another person by a process not involving an Article 3 negotiation * * * that other person (the transferee) obtains from the holder the right to enforce the note even if no negotiation takes place and, thus, the transferee does not become an Article 3 "holder." *Brown* at ¶ 36, quoting *In re Veal*, 450 B.R. 897, 911 (9th Dist.Ariz. BAP 2011).

{¶ 21} In the case before us, CadleRock asserts that it had possession of the note on the day the complaint was filed. It further asserts that it obtained the right to enforce the note by transfer pursuant to the November 19, 2008 unsecured mortgage note sale agreement between GMAC and CadleRock. Section 3.1 of the loan sale agreement provides:

Transfer of Unsecured Mortgage Notes. The Unsecured Mortgage Notes shall be transferred and assigned pursuant to the Bill of Sale * * * which Bill of Sale shall sell, transfer, assign, set-over, quitclaim and convey to Buyer all right, title and interest of Owner in and to each of the Unsecured Mortgage Notes Schedule attached hereto * * *.

In turn, the December 23, 2015 bill of sale provides:

11.

FOR VALUE RECEIVED and pursuant to the terms and conditions of that certain Unsecured Mortgage Note Sale Agreement dated November 19, 2008, made by and between [GMAC] and [CadleRock], [GMAC] does hereby sell, assign and convey to [CadleRock], its successors and assigns, all right, title and interest of [GMAC] in and to those certain Unsecured Mortgage Notes described in Exhibit A delivered and made a part hereof for all purposes, totaling 1599 Unsecured Mortgage Notes with an aggregate principal balance of $90,647,991.31.

The bill of sale's exhibit A includes the property address referenced in the note. Viewing this evidence in a light most favorable to the non-moving party, reasonable minds can only conclude that while not a "holder," CadleRock is a nonholder in possession of the instrument who has the rights of a holder. *See* R.C. 1303.31(A)(2). Burnley's first argument under his first assignment of error is not well taken.

{¶ 22} In his second argument under his first assignment of error, Burnley asserts that there was insufficient evidence to establish principal and interest due. We disagree.

{¶ 23} As stated above, the party moving for summary judgment "bears the initial burden of informing the trial court of the basis for the motion, and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claim." *Dresher*, 75 Ohio St.3d at 294, 662 N.E.2d 264. "[T]he nonmoving party then has a reciprocal burden outline in Civ.R.

12.

56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nomovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*

{¶ 24} CadleRock, in its September 17, 2014 reply brief, presented the affidavit of Pam Hurdy, an account officer. In her affidavit, Ms. Hurdy stated, "[a]s of August 27, 2014, the total amount which is due and owing under the Note is $89,948.18 which consists of principal in the amount of $46, 570.26, unpaid interest in the amount of $41,544.80 and late fees in the amount of $1,833.12." Burnley presented no argument or evidence contrary to Ms. Hurdy's affidavit. Thus, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Accordingly, Burnley's second argument under his first assignment of error is not well taken.

**Second and Third Assignments of Error**

{¶ 25} In his second and third assignments of error, Burnley cites *Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, for the proposition that the trial court erred in denying his motions to dismiss because both the complaint and the amended complaint failed to establish CadleRock had an interest in the promissory note sufficient to invoke the jurisdiction of the trial court. We find no merit in these arguments.

{¶ 26} Recently, in *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, 31 N.E.3d 637, the Supreme Court of Ohio determined that a plaintiff in a

13.

foreclosure complaint need only "set forth a short and plain statement" of the claim showing it is the real party in interest and entitled to a decree of foreclosure. *Id.* at ¶ 18. The *Horn* Court explained that although "the plaintiff in a foreclosure action must have standing at the time suit is commenced, proof of standing may be submitted subsequent to the filing of the complaint." *Id.* at syllabus.

{¶ 27} We believe the decision in *Horn*, a foreclosure action, also applies to plaintiffs in actions seeking judgment on promissory notes. To that end, in order to defeat the motions to dismiss, CadleRock was required only to set forth a short and plain statement showing it is the real party in interest and entitled to enforce the note. Here, CadleRock met the short and plain statement requirement when it alleged that it was a person entitled to enforce the note pursuant to R.C. 1303.31. Consequently, Burnley's second and third assignments of error are not well taken.

### Fourth Assignment of Error

{¶ 28} In his fourth assignment of error, Burnley contends the trial court erred by allowing "erroneous admissions" to be entered into evidence in support of CadleRock's motion for summary judgment. Specifically, Burnley asserts that although the unanswered requests for admissions referenced an "attached note," no note was actually attached to the requests for admissions.

{¶ 29} We agree that it would have been erroneous for the trial court to rely on unanswered requests for admissions referencing and relying upon the opposing party's

14.

responses to an "attached note" when, arguably, either no copy of the note or an incomplete copy of the note was attached to the requests for admissions.

{¶ 30} However, we find no evidence that the trial court relied upon the unanswered requests for admissions when it found in favor of CadleRock. Because the trial court held an evidentiary hearing on the motion for summary judgment and then further ordered the parties to brief the matter post-hearing, we conclude that the trial court did not rely on the unanswered requests for admissions in granting CadleRock's motion for summary judgment. For this reason, Burnley's fourth assignment of error is not well taken.

## Conclusion

{¶ 31} For the reasons set forth above, the judgment of the Huron County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                    _____
                                                                        JUDGE
Thomas J. Osowik, J.

James D. Jensen, P.J.                          _____
CONCUR.                                                          JUDGE

                                                              _____
                                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.