WELLS FARGO BANK, N.A., APPELLANT, *v.* HORN, APPELLEE, ET AL.

[Cite as *Wells Fargo Bank, N.A. v. Horn,*
142 Ohio St.3d 416, 2015-Ohio-1484.]

(No. 2013–1534—Submitted January 14, 2015—Decided April 22, 2015.)

KENNEDY, J.

## I. Introduction

{¶ 1} In this discretionary appeal, we review an opinion of the Ninth District Court of Appeals that interpreted *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, to require the plaintiff in a foreclosure action to attach documents to its complaint to prove that it has standing to maintain the action. The plaintiff-appellant sets forth the following proposition of law: "A plaintiff is not required to attach to the complaint all of the evidence upon which it will rely to show standing." We hold that *Schwartzwald* does not require the plaintiff to prove standing at the time the foreclosure action is filed. Rather, although the plaintiff in a foreclosure action must have standing at the time suit is commenced, proof of standing may be submitted subsequent to the filing of the complaint. Therefore, we reverse the judgment of the court of appeals and remand this cause to that court for further proceedings.

## II. Facts and Procedural History

{¶ 2} On April 19, 2010, plaintiff-appellant, Wells Fargo Bank, N.A., filed a foreclosure action against Brian and Carol Horn for allegedly defaulting on a promissory note. The complaint's caption named the plaintiff as: "Wells Fargo Bank, N.A. successor by merger to Wells Fargo Home Mortgage, Inc. fka Norwest Mortgage, Inc." The complaint alleged that the Horns were immune from liability on the note because they had gone through bankruptcy. Consequently, Wells Fargo sought to foreclose against only the mortgage that provided a security interest in the note. Attached to the complaint were several exhibits. One purports to be a copy of a promissory note endorsed in blank, identifying Norwest Mortgage as the lender and the Horns as the borrowers. The other purports to be a copy of a mortgage that secured the note, again identifying the Horns as the borrowers and Norwest Mortgage as the lender.

{¶ 3} Acting pro se, appellee, Brian Horn, filed a "Response to Complaint." Wells Fargo then filed a motion for summary judgment. Horn hired counsel, who filed a formal answer that asserted numerous defenses, including that Wells Fargo "may not be the real party in interest and lacks standing to bring said claim against [Horn]."

{¶ 4} Wells Fargo filed an amended motion for summary judgment that included the assertion that as the holder of the note and mortgage at the time the complaint was filed, it had standing to bring the action. In support, Wells Fargo submitted the affidavit of Adam Seeman, a Default Litigation Specialist for Wells Fargo, who averred, among other things, that Norwest Mortgage, Inc., had changed its name to Wells Fargo Home Mortgage, Inc., in 2000, that Wells Fargo Home Mortgage, Inc., had later merged into Wells Fargo, and that Wells Fargo was the holder of the note and mortgage prior to the filing of the complaint. Accompanying the affidavit were a "Certificate of Amendment to Foreign Corpo-

ration Application for License," issued by the Ohio secretary of state in April 2000, indicating that the company named Norwest Mortgage, Inc., had changed its name to Wells Fargo Home Mortgage, Inc., and a "Certificate of Filing," issued by the California secretary of state indicating that Wells Fargo Home Mortgage, Inc., had merged into Wells Fargo in 2004. The trial court adopted a magistrate's decision and granted Wells Fargo's motion for summary judgment, and the trial court eventually issued a decree of foreclosure in Wells Fargo's favor.

{¶ 5} Horn, again acting pro se, appealed, asserting four assignments of error, none of which challenged the conclusion of the magistrate and the trial court that Wells Fargo had standing to bring the foreclosure suit.

{¶ 6} However, rather than considering Horn's assignments of error, the court of appeals sua sponte considered the issue of standing. The court of appeals, relying on *Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, held that a plaintiff in a foreclosure action must attach to its complaint documents that prove that it has standing at the time the complaint is filed. Consequently, because Wells Fargo had not attached documentation to its complaint that set forth that Wells Fargo was the successor to Wells Fargo Home Mortgage, Inc., and Norwest Mortgage, Inc., the court of appeals held that Wells Fargo lacked standing to bring this foreclosure action against Horn and to invoke the jurisdiction of the trial court, and it remanded the case to the trial court to dismiss the complaint without prejudice.

{¶ 7} We initially declined to accept Wells Fargo's discretionary appeal. 137 Ohio St.3d 1473, 2014-Ohio-176, 2 N.E.3d 268. We later granted in part Wells Fargo's motion for reconsideration and accepted the appeal on the first proposition of law only. 138 Ohio St.3d 1452, 2014-Ohio-1182, 5 N.E.3d 668. Wells Fargo argues that a plaintiff in a foreclosure action is not required to attach to its complaint the evidence upon which it will rely to prove standing. Horn, acting pro se, raises four "assignments of error" in his appellee brief that are not responsive to the arguments regarding the issue of standing. After the case was fully briefed, Horn obtained counsel, and an attorney appeared on his behalf at oral argument.

### III. Analysis

#### A. Standing Generally

{¶ 8} Generally speaking, standing is "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Black's Law Dictionary* 1625 (10th Ed.2014). "It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." *State ex rel.*

*Dallman v. Franklin Cty. Court of Common Pleas,* 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973).

> Standing is certainly a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court—even a court of competent subject-matter jurisdiction—over the party's attempted action. But an inquiry into a party's ability to *invoke* a court's jurisdiction speaks to jurisdiction over a particular case, not subject-matter jurisdiction.

(Citations omitted and emphasis sic.) *Bank of Am., N.A. v. Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22.[1]

### B. Schwartzwald's *Requirements for Standing*

{¶ 9} Because the Ninth District Court of Appeals relied on our holding in *Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, in holding that a plaintiff in a foreclosure action must attach evidence of standing to its complaint in foreclosure, a review of that case is necessary to our analysis.

{¶ 10} In *Schwartzwald,* the Schwartzwalds executed a promissory note and a mortgage granting a security interest to Legacy Mortgage when they purchased a home. *Id.* at ¶ 5. Legacy Mortgage later endorsed the note as payable to Wells Fargo Bank, N.A., and also assigned the mortgage to Wells Fargo. *Id.* More than two years after they purchased the home, the Schwartzwalds defaulted on the loan and agreed with Wells Fargo to a short sale of the property. *Id.* at ¶ 6. Subsequently, the Federal Home Loan Mortgage Corporation ("FHLMC") filed a foreclosure action against the Schwartzwalds. FHLMC attached to its complaint a copy of the mortgage that identified the Schwartzwalds as the borrowers and Legacy as the lender but did not attach a copy of the note. *Id.* at ¶ 7. It was only after FHLMC filed its foreclosure complaint that Wells Fargo assigned the Schwartzwalds' note and mortgage to FHLMC. *Id.* at ¶ 10. Because FHLMC did not have an interest in the note or mortgage at the time it filed the foreclosure action, it was undisputed that FHLMC was not

---

1.  " 'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits' and 'defines the competency of a court to render a valid judgment in a particular action.' " *Cheap Escape Co., Inc. v. Haddox, L.L.C.,* 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 6, quoting *Morrison v. Steiner,* 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). For example, absent a proper bindover proceeding for a juvenile offender in juvenile court, the common pleas court lacks subject-matter jurisdiction over the case and any conviction obtained in the common pleas court is void ab initio. *State v. Wilson,* 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995).

injured and lacked standing to invoke the jurisdiction of the trial court when it filed the complaint. *Id.* at ¶ 28.

{¶ 11} The only question before this court was whether a plaintiff's lack of standing can be cured after the foreclosure complaint is filed. In answering that question, we held:

> [S]tanding is required to invoke the jurisdiction of the common pleas court, and therefore it *is determined as of the filing of the complaint.* Thus, receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action.

(Emphasis added.) *Id.* at ¶ 3.

{¶ 12} The import of our holding in *Schwartzwald* is that the plaintiff in a foreclosure action must have standing at the time that it files its complaint. But nowhere in the opinion did this court indicate that the plaintiff must also submit proof of standing at that time. Thus, we agree with the observation that "*Schwartzwald* does not stand for the proposition that a foreclosure plaintiff must definitively prove in its complaint that it has standing." *Bank of Am., N.A. v. Hafford,* 6th Dist. Sandusky No. S–13–021, 2014-Ohio-739, 2014 WL 823415, ¶ 14. Proof of standing may be submitted *subsequent* to filing the complaint. *See U.S. Bank Natl. Assn. v. Mitchell,* 6th Dist. Sandusky No. S–10–043, 2012-Ohio-3732, 2012 WL 3548198, ¶ 17–18; *accord Wells Fargo Bank, N.A. v. Stovall,* 8th Dist. Cuyahoga No. 91802, 2010-Ohio-236, 2010 WL 320487, ¶ 16–17 (an assignment of the mortgage to the plaintiff, dated prior to the filing of the foreclosure complaint and attached to the plaintiff's motion for summary judgment, demonstrated that the plaintiff was the real party in interest when the complaint was filed).

### C. Allegations in a Complaint and Standing

{¶ 13} To require a plaintiff to attach proof of standing to a foreclosure complaint would also run afoul of Ohio's notice-pleading requirements. Civ.R. 7(A) provides that a civil action may be initiated by filing a complaint. Civ.R. 8(A) states that a pleading, including a complaint, shall set forth "a short and plain statement of the claim showing that the party is entitled to relief." Civ.R. 8(E)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." "The purpose of 'notice' pleading is clear: 'to simplify pleadings to a "short and plain statement of the claim" and to simplify statements of the relief demanded, Civ.R. 8(A), to the end that the adverse party will receive fair notice of the claim and an opportunity to prepare his response thereto.'" *Anderson v. BancOhio Natl. Bank,* 1st Dist. Hamilton No. C–840913, 1985 WL 8844, *1 (Nov.

27, 1985), quoting *Fancher v. Fancher*, 8 Ohio App.3d 79, 83, 455 N.E.2d 1344 (1st Dist.1982). Factual allegations made in a complaint are taken as true for purposes of determining whether the complaint states a claim. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Consequently, a plaintiff at the pleading stage is "not required to establish its standing beyond the allegations of the Complaint." *Chase Home Fin., L.L.C. v. Mentschukoff,* 11th Dist. Geauga No. 2014–G–3205, 2014-Ohio-5469, 2014 WL 7014551, ¶ 20; *see also Riverside v. State,* 2d Dist. Montgomery No. 26024, 2014-Ohio-1974, 2014 WL 1887714, ¶ 28; *Revocable Living Trust of Mandel v. Lake Erie Util. Co.,* 8th Dist. Cuyahoga No. 97859, 2012-Ohio-5718, 2012 WL 6061326, ¶ 11–13.

> [W]hile a foreclosure plaintiff must allege sufficient facts in its complaint to demonstrate that it has standing, *Schwartzwald* does not stand for the proposition that a foreclosure plaintiff must definitively prove in its complaint that it has standing. Indeed, such a requirement would run counter to our established system of justice. *See York v. Ohio State Hwy. Patrol,* 60 Ohio St.3d 143, 144–145, 573 N.E.2d 1063 (1991) ("Under [the Ohio Rules of Civil Procedure], a plaintiff is not required to prove his or her case at the pleading stage").

*Hafford,* 2014-Ohio-739, 2014 WL 823415, at ¶ 14.

### D. Civ.R. 10 Is Inapplicable

{¶ 14} While the court of appeals' opinion did not address Civ.R. 10, Wells Fargo addresses it in its brief, and both parties addressed it at oral argument. Consequently, we address Civ.R. 10(D) in our analysis to clarify that it has no role in resolving whether Wells Fargo has standing in this case.

{¶ 15} Civ.R. 10(D)(1) states that when a claim or defense is based on an account or other written instrument, a party must attach a copy of the account or written instrument to the pleading. And some appellate courts have held that Civ.R. 10(D) requires a plaintiff seeking foreclosure to attach documentation regarding the loan. *See, e.g., Beneficial Mtge. of Ohio v. Jacobs,* 2d Dist. Clark No. 01CA0080, 2002-Ohio-3162, 2002 WL 1349581, ¶ 10 (Civ.R. 10(D) "requires copies of the mortgage deeds and notes to be attached to complaints in foreclosure").

{¶ 16} However, failing to attach documents to a complaint pursuant to Civ.R. 10(D)(1) does not equate to a lack of standing. A defendant's recourse for such a failure is to file a motion for a more definite statement under Civ.R. 12(E). *Fletcher v. Univ. Hosps. of Cleveland,* 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 11. Moreover, Civ.R. 10(D) does not apply to the instant case,

because the issue addressed by the court of appeals and raised in the appeal to this court regarding Wells Fargo's standing is not whether it attached documentation regarding the loan but instead whether Wells Fargo is the successor in interest to Wells Fargo Home Mortgage, Inc., and Norwest Mortgage, Inc.

## IV. Conclusion

{¶ 17} Accordingly, we hold that although the plaintiff in a foreclosure action must have standing at the time suit is commenced, proof of standing may be submitted subsequent to the filing of the complaint.

{¶ 18} At oral argument, Horn asserted that there were no *allegations* in Wells Fargo's complaint asserting that it was the successor in interest to Norwest Mortgage, Inc. However, the complaint needed only to set forth a short and plain statement of the claim showing that Wells Fargo was entitled to relief. Civ.R. 8(A). The complaint's allegation that Wells Fargo was the holder of the Horns' note was sufficient to show for pleading purposes that Wells Fargo was the real party in interest and that it was arguably entitled to a decree of foreclosure. *See JPMorgan Chase Bank, Natl. Assn. v. Fallon,* 4th Dist. Pickaway No. 13CA3, 2014-Ohio-525, 2014 WL 588038, ¶ 12–13 (the holder of a note has the right to enforce the note if the note is endorsed to that holder or it is endorsed in blank).

{¶ 19} After filing the complaint, Wells Fargo submitted proof of standing regarding the fact that it was the real party in interest through an affidavit and other documents attached to its motion for summary judgment. Its affiant, a Default Litigation Specialist for Wells Fargo, averred that in 2000, Norwest Mortgage, Inc., changed its name to Wells Fargo Home Mortgage, Inc., and in 2004, Wells Fargo Home Mortgage, Inc., merged into Wells Fargo, the plaintiff here. Documents attached to the motion for summary judgment confirmed the name change and merger and the timing of each event. These materials verified that Wells Fargo had standing to file the foreclosure action against the Horns at the time that it filed the complaint in 2010.

{¶ 20} Therefore, we reverse the judgment of the court of appeals, reinstate Wells Fargo's foreclosure action, and remand the cause to the court of appeals to resolve Horn's assignments of error, which were never addressed.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

---

Thompson Hine, L.L.P., Scott A. King, and Terry W. Posey Jr., for appellant.

Kendo, Alexander, Cooper & Engel, L.L.P., Andrew M. Engel, Christine M. Cooper, and Chad D. Cooper, for appellee.