[Cite as *HIP Loans 1, L.L.C. v. Horta, L.L.C.*, 2016-Ohio-518.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| HIP LOANS 1, LLC, | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2015-CA-10 |
| | : | |
| v. | : | Trial Court Case No. 10-CV-651 |
| | : | |
| HORTA, LLC, et al., | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of February, 2016

. . . . . . . . . . .

SUZANA KRASNICKI, Atty. Reg. No. 0073338, Keith D. Weiner & Associates Co., LPA, 75 Public Square, 4th Floor, Cleveland, Ohio 44113
        Attorney for Plaintiff-Appellant

ARGERI A. LAGOS, Atty. Reg. No. 0086403, Lagos & Lagos, P.L.L., One South Limestone Street, Suite 1000, Springfield, Ohio 45502-1243
        Attorney for Defendants-Appellees

. . . . . . . . . . . .

HALL, J.

{¶ 1} HIP Loans 1, LLC ("HIP Loans") appeals from the trial court's January 12, 2015 judgment entry dismissing, with prejudice, its October 27, 2014 foreclosure complaint against appellee Horta, LLC ("Horta") and others on the basis of its lack of

standing.

**{¶ 2}** HIP Loans advances four assignments of error. First, it contends the trial court erred in dismissing its complaint with prejudice because a lack of standing would mean a lack of jurisdiction by the trial court and should result in a dismissal without prejudice. Second, HIP Loans asserts that the trial court erred in considering matters outside the pleadings when sustaining Horta's motion to dismiss for lack of standing, thereby improperly converting the motion into one for summary judgment. Third, HIP Loans claims the trial court erred in finding that it lacked standing where it had an interest in the note and mortgage at issue when it filed suit. Fourth, HIP Loans argues that the trial court erred in sustaining Horta's motion when Horta is not a party to the note or mortgage.

**{¶ 3}** The record reflects that HIP Loans filed its complaint for foreclosure and other relief on October 27, 2014.[1] The complaint alleged that defendants Jack and Karen Kibby had borrowed money from FMF Capital, LLC in 2006 to purchase a home. The loan was evidenced by a promissory note and was secured by a mortgage on the home. The complaint alleged that "on or about September 14, 2012, Plaintiff [HIP Loans] purchased and acquired the Kibbys' loan, and in connection therewith, the original Note was transferred to Plaintiff." (Doc. #1 at ¶ 4). The complaint further alleged that the original note was lost after it was transferred to HIP Loans and that it could not be found. (*Id.* at ¶ 5). The complaint asserted that HIP Loans was in possession of the original note, and was entitled to enforce it as a "holder" under Ohio law, before the loss of possession

---

[1] Parenthetically, we note that the October 27, 2014 complaint appears to have been a re-filing of a similar complaint that the trial court previously had dismissed without prejudice. (*See, e.g.*, Appellee's brief at Exh. B).

occurred. According to the complaint, the Kibbys were in default under the note, an apparent copy (i.e., not the original) of which was attached to HIP Loans' complaint. (*Id.* at ¶ 1, 9-11).

**{¶ 4}** With regard to the mortgage, the complaint alleged that it had been assigned to HIP Loans and that a true and accurate copy of the mortgage was attached to the complaint. (*Id.* at ¶ 16-18). The complaint stated, among other things, that "Plaintiff [HIP Loans] is the assignee of record" and that it was entitled to foreclose the equity of redemption. (*Id.* at ¶ 20, 23). Elsewhere, the complaint alleged that "[o]n or about September 14, 2012, Plaintiff [HIP Loans] acquired all right[,] title[,] and interest in and to the Note and Mortgage," that "[o]n or about September 14, 2012, the Note and Mortgage were assigned to Plaintiff and Plaintiff is entitled to enforce the terms and conditions thereof." (*Id.* at ¶ 31-32). With regard to Horta's interest in the case, the complaint alleged that the Kibbys had conveyed the subject real estate to Horta via a quit-claim deed filed on November 28, 2012. (*Id.* at ¶ 25).

**{¶ 5}** Attached to the complaint were apparent copies of the note and mortgage at issue. (*Id.* at Exh. A and B). The note included an allonge indicating that the note previously had been assigned to Residential Funding Company, LLC and then to HIP Loans. Also attached to the complaint was a "Corporate Assignment of Mortgage" form indicating that the Kibbys' mortgage had been assigned to HIP Loans on September 28, 2012. (*Id.* at Exh. C).

**{¶ 6}** On November 25, 2014, Horta moved to dismiss the complaint, with prejudice, pursuant to Civ.R. 12(B)(6). (Doc. #7)., Horta argued that HIP Loans lacked standing because it could not locate the original note or any original allonges thereto and

because it had failed to provide the trial court with a "lost-note affidavit." Horta also pointed out that the trial court previously had dismissed essentially the same foreclosure action, without prejudice, on October 9, 2014 after Horta had challenged HIP Loans' standing. (*Id.*). On December 2, 2014, HIP Loans filed a notice of intent to oppose Horta's motion. (Doc. #8). Thereafter, on December 9, 2014, HIP Loans requested until December 16, 2014 to file its response. (Doc. #10). The trial court granted this request. (Doc. #11). HIP Loans did not respond, however, and the trial court filed a one-sentence January 12, 2015 judgment entry dismissing HIP Loans' complaint, with prejudice, upon Horta's motion. (Doc. #12). This appeal followed.[2]

{¶ 7} As set forth above, HIP Loans asserts that the trial court erred in (1) dismissing its complaint with prejudice rather than without prejudice, (2) considering matters outside the pleadings when dismissing the case, (3) sustaining Horta's motion to dismiss for lack of standing when HIP Loans had standing, and (4) sustaining Horta's motion when Horta was not a party to the note or mortgage. In response, Horta's substantive argument does not directly address the foregoing issues. Instead, Horta's only argument is that HIP Loans' failure to respond to the pending Civ.R. 12(B)(6) motion, particularly after being given an extension of time to do so, justified the trial court dismissing the complaint, with prejudice, for failure to prosecute under Civ.R. 41(B)(1). (Appellee's brief at 5-7).

{¶ 8} Upon review, we disagree with Horta's argument that dismissal was proper due to HIP Loans' failure to prosecute. We reach this conclusion for at least three reasons.

---

[2] We note that HIP Loans also filed an unsuccessful Civ.R. 60(B) motion from the trial court's dismissal of its complaint with prejudice. HIP Loans has not challenged that ruling in this appeal.

First, Horta's motion to dismiss did not invoke Civ.R. 41(B)(1) or request dismissal for failure to prosecute. The sole basis for the motion was HIP Loans' alleged lack of standing. Therefore, when the trial court dismissed the case "[u]pon the Motion of the Attorney for Defendant," (Doc. # 12) we presume that it was dismissing for lack of standing, not for failure to prosecute. Second, although a trial court can invoke Civ.R. 41 itself, it first must give notice to the plaintiff's counsel and warn of the possibility of dismissal. *See* Civ.R. 41(B)(1). Although HIP Loans knew of the possibility of dismissal for lack of standing (assuming that Horta's motion had merit), it received no prior notice of impending dismissal for failure to prosecute. Third, dismissal under Civ.R. 41(B)(1) is permitted when "the plaintiff fails to prosecute, or comply with [the Civil Rules] or any court order[.]" Here HIP Loans did not fail to prosecute its lawsuit. Nor did it fail to comply with any rule or court order. It simply failed to respond to Horta's Civ.R. 12(B) motion to dismiss for lack of standing. Although HIP Loans had requested and obtained leave to respond to the motion, it had no legal obligation—imposed by court order or otherwise—to do so. Therefore, its non-response did not constitute a failure to prosecute.

{¶ 9} The remaining question is whether dismissal of HIP Loans' complaint was proper based on a lack of standing. It is now settled that a plaintiff in a foreclosure action must have standing when suit is commenced. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. Standing is a jurisdictional requirement insofar as a lack of standing vitiates a plaintiff's ability to invoke a court's jurisdiction over a case. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-5275, 21 N.E.3d 1040, ¶ 22. But a foreclosure plaintiff need not submit proof of standing with its complaint. *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-

Ohio-1484, 31 N.E.3d 637, ¶ 12. A plaintiff need only allege facts in its complaint that, if true, establish standing. *Id.* at ¶ 13. For purposes of alleging standing, a foreclosure plaintiff need not even attach pertinent loan documents to its complaint. *Id.* at ¶ 16 (recognizing that "failing to attach documents to a complaint pursuant to Civ.R. 10(D)(1) does not equate to a lack of standing"). The only requirement, for purposes of standing at the pleading stage, is to allege facts that show standing. *Id.* at ¶ 18 ("The complaint's allegation that Wells Fargo was the holder of the Horns' note was sufficient to show for pleading purposes that Wells Fargo was the real party in interest and that it was arguably entitled to a decree of foreclosure.").

{¶ 10} Based on our review of HIP Loans' complaint, we conclude that it adequately alleged standing. Among other things, the complaint alleged (1) that HIP Loans purchased the note at issue and obtained possession of it in September 2012, (2) that HIP Loans "was in possession of the original Note and was entitled to enforce it, as a holder under Ohio Revised Code § 1303.31(A)(1)," before misplacing the note, (3) that HIP Loans' loss of possession of the original note was not the result of a transfer or a lawful seizure of the note, and (4) that the mortgage accompanying the note had been assigned to HIP Loans, which was the assignee of record when the complaint was filed. (Doc. #1). Although loan documents were not required at the pleading stage, HIP Loans did provide apparent copies of the note, mortgage, and an assignment of mortgage with the complaint, which identified those documents as Exhibits A, B, and C. As set forth above, the note included an allonge indicating that it had been assigned to HIP Loans. In addition, the assignment of mortgage indicated that the mortgage had been assigned to HIP Loans in September 2012.

**{¶ 11}** The foregoing allegations and accompanying documentation are more than sufficient to allege standing at the pleading stage. In order to have standing to bring a foreclosure action, a party must have an interest in the note or mortgage when it files suit.[3] *Wells Fargo Bank, N.A. v. TIC Acropolis*, *L.L.C.*, 2d Dist. Greene Nos. 2015-CA-32, 2015-CA-33, 2016-Ohio-142, ¶ 28. Here HIP Loans' complaint and accompanying documentation indicate that it had obtained an interest in both the note and the mortgage, and was entitled to enforce the note, before filing suit. Under R.C. 1303.31(A), a "person entitled to enforce" an instrument such as the note at issue means: "(1) The holder of the instrument; (2) A nonholder in possession of the instrument who has the rights of a holder; [or] (3) *A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38* or division (D) of section 1303.58 of the Revised Code." (Emphasis added). In turn, R.C. 1303.38 provides:

(A) A person not in possession of an instrument is entitled to enforce the instrument if all of the following apply:

(1) The person was in possession of the instrument and entitled to enforce it when loss of possession occurred.

(2) The loss of possession was not the result of a transfer by the person or a lawful seizure.

---

[3] Ohio's appellate courts disagree about whether the foreclosing party must have an interest in the note, both the note and mortgage, or either the note or mortgage. The Ohio Supreme Court has accepted this issue for review in *Deutsche Bank Natl. Trust v. Holden*, Supreme Court No. 2014–0791.

(3) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

{¶ 12} In its complaint, HIP Loans addresses each of foregoing requirements. The complaint alleges:

5. After it was transferred to Plaintiff, the original Note was lost and, despite a diligent search, it cannot be located.

6. Plaintiff was in possession of the original Note and was entitled to enforce it, as a holder under Ohio Revised Code §1303.31(A)(1) before the loss of possession occurred.

7. The loss of possession of the Note was not the result of a transfer by Plaintiff or a lawful seizure.

8. Plaintiff cannot reasonably obtain possession of the Note because its whereabouts cannot be determined.

(Doc. #1 at ¶ 5-8).

{¶ 13} In its appellate brief, Horta points out that HIP Loans' complaint was not accompanied by a "lost-note affidavit" verifying the absence of the original note. (Appellee's brief at 3). As set forth above, however, HIP Loans' complaint did contain allegations addressing its loss of the original note, and it was not required to provide evidentiary support at the pleading stage. *Horn* at ¶ 12. We note too that misplacing the original note would not deprive HIP Loans of standing to sue.

{¶ 14} Horta also asserts that HIP Loans transferred the note and mortgage at issue to an entity known as Camelback IX, LLC in November 2014, *after* filing its October 27, 2014 complaint.[4] (Appellee's brief at 3-4). In addition, Horta asserts that Camelback IX, LLC may not be able to be substituted as a plaintiff due to its having transacted business in Ohio without a license. (*Id.* at 4-5). Even if these assertions are true, however, they have no bearing on HIP Loans' standing to file its complaint on October 27, 2014. This is so because standing is determined based on circumstances as they exist when suit is commenced. *Schwartzwald* at ¶ 24.

{¶ 15} For the foregoing reasons, we conclude that the trial court erred in dismissing HIP Loans' complaint due to a lack of standing. HIP Loans' complaint alleged sufficient facts to show standing at the pleading stage. Therefore, Horta's motion to dismiss should have been overruled notwithstanding HIP Loans' failure to respond to it. Accordingly, we sustain HIP Loans' third assignment of error, which asserts that the trial court erred in dismissing the complaint based on a lack of standing. Having sustained HIP Loans' third assignment of error, we overrule the first, second, and fourth assignments of error as moot.

{¶ 16} The trial court's January 12, 2015 judgment entry dismissing HIP Loans' October 27, 2014 complaint is reversed, and the cause is remanded for further proceedings.

. . . . . . . . . . . .

---

[4] According to Horta, this information came to light in connection with HIP Loans' failed Civ.R. 60(B) motion for relief from the trial court's judgment entry. (Appellee's brief at 3-4).

FAIN, J., and FROELICH, J., concur.


Copies mailed to:

Suzana Krasnicki
Argeri A. Lagos
William Hoffman
Mortgage Electronic Registration Systems, Inc.
Jack Kibby
Karen Kibby
Hon. Douglas M. Rastatter