[Cite as *Honda Fed. Credit Union v. Shutway*, **2016-Ohio-4982.**]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| HONDA FEDERAL CREDIT UNION | : | |
| | : | Appellate Case No. 2015-CA-40 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 14-CV-83 |
| v. | : | |
| | : | (Civil appeal from Champaign County |
| JOHN A. SHUTWAY, et al. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 15th day of July, 2016.

. . . . . . . . . .

JEFFREY A. MERKLIN, Atty. Reg. No. 0029746, Allen, Yurasek, Merklin & Owens-Ruff, LLC, 233 West 5th Street – Box 391, Marysville, Ohio   43078
    Attorney for Plaintiff-Appellee, Honda Federal Credit Union

JOHN A. SHUTWAY, 573 East Church Street, Urbana, Ohio 43078
    Defendant-Appellant, John A. Shutway, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1} John A. Shutway appeals pro se from the trial court's October 9, 2015

judgment entry overruling a Civ.R. 60(B) motion for relief from judgment. The motion concerned the trial court's rulings in a foreclosure action brought by appellee Honda Federal Credit Union (HFCU).

{¶ 2} Shutway advances seven assignments of error. First, he contends the trial court erred in adjudicating the case without subject-matter jurisdiction. Second, he claims the trial court erred in issuing an order of confirmation and distribution. Third, he asserts that HFCU committed fraud on the court. Fourth, he argues that the clerk of court erred by issuing a writ of possession without payment being received for court costs. Fifth, he maintains that HFCU colluded with sheriff's deputies and engaged in fraud and conspiracy. Sixth, he contends HFCU, the trial court, and other officials colluded to deprive him of his property without payment being given. Seventh, he claims the trial court erred in overruling the Civ.R. 60(B) motion.

{¶ 3} The record reflects that HFCU filed a May 2014 foreclosure complaint against Shutway and his wife. The complaint alleged that HFCU was the holder of a promissory note under which the Shutways were in default. The complaint further alleged that the Shutways had executed and delivered to HFCU a mortgage to secure payment on the note. Attached to the complaint were copies of the note and mortgage. HFCU requested judgment on the note and foreclosure on the mortgage. It also requested that the subject property be sold to satisfy the debt. (Doc. #2).

{¶ 4} HFCU subsequently moved for summary judgment with a supporting affidavit. (Doc. #46). The trial court sustained the motion on January 21, 2015. (Doc. #54). It found that HFCU was the holder of the note and mortgage. It also found that the Shutways were in default and owed $73,417.34 plus interest. The trial court then filed a

March 3, 2015 foreclosure decree. (Doc. #76). On April 14, 2015 Shutway filed a Notice of Appeal of "the final order of Judge/Magistrate Selvaggio entered on March 3, 2015." (Doc. #94) That appeal was docketed as Champaign County Court of Appeals Case No. 2015-CA-0015. By Decision and Final Judgment Entry dated July 1, 2015, we dismissed that appeal because the Notice of Appeal was filed beyond the 30 days for appeal required by App. R. 4(A) and we therefore did not have jurisdiction to consider it. The subject property was sold at a sheriff's sale. The trial court filed a July 2015 order of confirmation of sale and distribution of proceeds. (Doc. # 100). The trial court's filing reflects that HFCU purchased the property for $56,667 and distribution of proceeds was ordered. The ruling included a deficiency judgment. Shutway did not file an appeal of that order. HFCU later obtained a writ of possession. The trial court vacated the writ, however, in September 2015 upon determining that HFCU had not yet "received a sheriff's deed or paid the disbursement fees (i.e., in this case, the court costs and real estate taxes)." (Doc. #116).

{¶ 5} On September 22, 2015, the Shutways filed the Civ.R. 60(B) motion that is the subject of John Shutway's present appeal. (Doc. #129). In their motion, the Shutways sought vacation of (1) the January 2015 summary judgment, (2) the March 2015 foreclosure decree, and (3) the July 2015 confirmation of sale. HFCU opposed the motion. (Doc. #130). The trial court overruled the motion on October 9, 2015. (Doc. #134). Shutway's Notice of Appeal in this case specifically indicates that it is an appeal of "the final appealable order of Judge/Magistrate Selvaggio entered on October 9, 2015."

{¶ 6} The standards governing relief under Civ.R. 60(B) are well settled. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party

has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A Civ.R. 60(B) motion "is not a substitute for a timely appeal" from a challenged judgment. *GMAC Mortgage, L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077 (2d Dist.), ¶ 35, citing *State ex rel. Martin v. Ohio Adult Parole Auth.*, 124 Ohio St.3d 63, 2009-Ohio-6164, 918 N.E.2d 1005, ¶ 1.

{¶ 7} We have previously observed that "it is well-settled in the State of Ohio that two judgments are appealable in foreclosure actions, to wit: 1) the order of foreclosure and sale; and 2) the order of confirmation of sale. *Citimortgage v. Roznowski*, 139 Ohio St.3d 299, 2014–Ohio–1984, 11 N.E.3d 1140, ¶ 35." *Citimortgage, Inc. v. Bocock*, 2d Dist. Montgomery No. 26366, 2015–Ohio–341, ¶ 8. The appeal before us involves neither. Additionally, a ruling denying a Civ.R. 60 motion is a final appealable order.

{¶ 8} A trial court's Civ.R. 60(B) decision is reviewed for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

**{¶ 9}** In his first assignment of error, Shutway contends the trial court erred in adjudicating HFCU's complaint without possessing subject-matter jurisdiction. His argument concerns HFCU's failure to provide a written "statement of account" with its complaint or to supply such a statement thereafter showing the amount due. Shutway asserts that he is entitled to raise this issue now because a trial court's jurisdiction may be challenged at any time. "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8–9. In this case, the Kuchtas filed a Civ.R. 60(B) motion in order to relitigate an issue that they had raised at the start of litigation and that they failed to appeal. Thus, the doctrine of res judicata bars their attempted collateral attack against the judgment in foreclosure." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 16. We believe that res judicata bars Shutway from contesting any orders of the court that were not appealed. Nevertheless, we analyze his arguments independently.

**{¶ 10}** Upon review, we find no merit in Shutway's challenge to the trial court's jurisdiction. The note and mortgage attached to HFCU's complaint indicated that those documents were executed in favor of HFCU. The complaint also specifically alleged that HFCU was the holder of the note and that the Shutways had executed and delivered the mortgage to HFCU. For purposes of invoking the trial court's jurisdiction, nothing more was required. *See, e.g.*, *HIP Loans 1, LLC v. Horta, LLC*, 2d Dist. Clark No. 2015-CA-10, 2016-Ohio-518, ¶9-11. The trial court correctly reached this conclusion in its summary judgment ruling. (*See* Doc. #54 at 4). HFCU's failure to provide a written "statement of

account" did not deprive the trial court of jurisdiction. The recourse for a plaintiff's failure to provide pertinent documents in a foreclosure action is a motion for a more definite statement. *Wells Fargo Bank v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, 31 N.E.3d 637, ¶ 16. We note too that HFCU's summary judgment motion included an affidavit detailing the amount of the delinquent debt. Finally, although Shutway makes reference to the mortgage bearing a stamp from First American Lenders Advantage, that entity appears to have been a title insurer, not the holder of the note or mortgage. (*See* Doc. #2 at Exh. B, pg. 5). The first assignment of error is overruled.

**{¶ 11}** In his second assignment of error, Shutway claims error exists in the trial court's July 16, 2015 order of confirmation and distribution. In the portion of the order he challenges, the trial court directed HFCU to disburse its winning bid of $56,667 as follows:

The Court further finds that there is due from the Plaintiff, costs of this action and Orders that Plaintiff pay to the Logan County Sheriff for the following:

1. To the Clerk of Courts of Champaign County, Ohio, court costs in the amount of $698.50;

2. The Champaign County Treasurer shall be paid $7,950.91, which represents the real estate taxes, assessments, and any penalty and interest on those taxes; prorated to date of sale.

3. To Plaintiff, Honda Federal Credit Union, Inc., a credit in the amount of $48,017.59 to apply against the Judgment heretofore rendered.

The Court further finds that upon payment of $48,017.59 to Plaintiff, Honda Federal Credit Union, upon the Judgment heretofore rendered in its

favor against John A. Shutway and Jan E. Shutway, there remains unpaid upon said Judgment, the sum of $28,440.76, and a deficiency Judgment is hereby rendered * * *.

(Doc. #100 at 2).

{¶ 12} Aside from the trial court's apparently clerical error by reference to HFCU making payment to the Logan County Sheriff,[1] we are unsure what Shutway is challenging. In any event, he cannot obtain Civ.R. 60(B) relief based on the content of the trial court's order for at least two reasons. First, a review of the Civ.R. 60(B) motion reveals that the Shutways did not present any argument regarding the substance of the July 16, 2015 order in their motion. Second, as we have indicated, any defect in the order could have been raised on direct appeal. "A motion pursuant to Civ.R. 60(B) 'is not a substitute for appeal. * * * Grounds for Civ.R. 60(B) relief must be those stated in the rule, not grounds that should have been asserted in an appeal.' " *Bank of New York Mellon v. Ackerman*, 2d Dist. Montgomery No. 26779, 2016-Ohio-960, ¶ 18, quoting *Conley v. Conley*, 2d Dist. Miami No. 2002-CA-1, 2002-Ohio-4332, ¶ 12. The second assignment of error is overruled.

{¶ 13} In his third assignment of error, Shutway asserts that HFCU committed fraud on the court. Specifically, he contends HFCU's counsel perpetrated fraud by serving a July 27, 2015 praecipe for a writ of possession "with full knowledge that the amount due had not been paid as required by the trial court in its ORDER OF CONFIRMATION AND

---

[1] The reference to Logan County rather than Champaign County is an apparent clerical error because the proceeds are to be distributed to the clerk of Champaign County, the treasurer of Champaign County and the plaintiff Honda Federal. The trial court can sua sponte correct such a clerical error at any time.

DISTRIBUTION, journalized July 16, 2015." (Appellant's brief at 6). As set forth above, however, the trial court subsequently *vacated* the writ of possession at issue due to HFCU's failure to pay the applicable fees. (Doc. #116). Therefore, we see no conceivable basis for any relief under Civ.R. 60(B). The third assignment of error is overruled.

{¶ 14} In his fourth assignment of error, Shutway contends the clerk of court erred in issuing the above-referenced writ of possession when HFCU had not paid the applicable fees. Once again, we see no conceivable basis for Civ.R. 60(B) relief given that the trial court vacated the writ. The fourth assignment of error is overruled.

{¶ 15} In his fifth assignment of error, Shutway claims HFCU's counsel "colluded with Champaign County Sheriff's Deputies failing to provide the due process of law and committed fraud when they conspired to take possession of the property of 573 East Church Street in Urbana Ohio on September 8, 2015." (Appellant's brief at 8). This assignment of error again addresses the writ of possession that the trial court vacated. Consequently, the fifth assignment of error is overruled.

{¶ 16} In his sixth assignment of error, Shutway asserts that "the Champaign County Common Pleas Court, Judge, Sheriff, Recorder, Clerk of Courts and Appellee Honda Federal Credit Union, committed plain error by colluding to deprive Appellant of his property without payment being given as required." (Appellant's brief at 9). This assignment of error involves a praecipe and a *second* writ of possession that was issued on September 28, 2015. But that writ was not, and could not have been, the subject of the Shutways' Civ.R. 60(B) motion, which they filed on September 22, 2015, *six days before* the second writ was issued. Because the writ addressed in the sixth assignment of error post-dated, and is therefore unrelated to, the Civ.R. 60(B) motion that is the

subject of this appeal, the sixth assignment of error is overruled.

{¶ 17} In his seventh assignment of error, Shutway contends the trial court erred in overruling the Civ.R. 60(B) motion. In support, he merely incorporates by reference assignments of error we rejected above. In particular, he repeats his contention that the trial court should have dismissed HFCU's complaint for lack of subject-matter jurisdiction. Based on our review of the record, and for the reasons set forth above, we find this argument to be unpersuasive. Accordingly, the seventh assignment of error is overruled.

{¶ 18} The judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, J., and WELBAUM, J., concur.

Copies mailed to:

Jeffrey A. Merklin
John A. Shutway
Jane Napier
Zebulon Wagner
Jan Shutway
Hon. Nick A. Selvaggio