[Cite as *State v. Isse*, 2018-Ohio-799.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2017-06-012 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 3/5/2018 |
| - vs - | | |
| | : | |
| MOHAMED ISSE a.k.a. | : | |
| ISSE MOHAMED, | | |
| | : | |
| Defendant-Appellant. | | |
| | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI20150087


Jess C. Weade, Fayette County Prosecuting Attorney, Fayette County Courthouse, 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Victoria Bader, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Mohamed Isse a.k.a. Isse Mohamed ("Isse"), appeals from his conviction in the Fayette County Court of Common Pleas after he pled guilty to single counts of failure to comply and receiving stolen property. For the reasons outlined below, we affirm.

**Summary of the Case**

{¶ 2} It is undisputed that Isse was born in a refugee camp in the Republic of Kenya during the 1990s. What is in dispute, however, is Isse's exact date of birth. On the one hand, the state claims the evidence properly before the trial court indicates Isse was born on January 1, 1996, thus making him subject to the trial court's jurisdiction over adult criminal defendants. On the other hand, Isse claims he presented evidence indicating he was actually born on February 26, 1998, thereby making him a juvenile subject to the exclusive subject matter jurisdiction of the juvenile court over any child alleged to be delinquent.

**Facts and Procedural History**

{¶ 3} On April 24, 2015, the Fayette County Grand Jury returned an indictment charging Isse with failure to comply, a third-degree felony, improperly handling firearms in a motor vehicle, a fourth-degree felony, receiving stolen property, also a fourth-degree felony, and two counts of endangering children, both first-degree misdemeanors. According to the bill of particulars, the charges arose after Isse operated a motor vehicle in an attempt to elude police while he had a stolen firearm and two minors in the vehicle. Shortly thereafter, on May 11, 2015, Isse appeared at his arraignment hearing and entered a plea of not guilty to all charges. After entering his not guilty plea, Isse was then transferred to the Fayette County jail awaiting a jury trial.

{¶ 4} On September 23, 2015, Isse entered into a plea agreement, wherein he agreed to plead guilty to the single counts of failure to comply and receiving stolen property in exchange for the remaining charges against him being dismissed. The trial court accepted Isse's guilty plea and thereafter sentenced him to serve a total of three years in prison. The trial court also ordered Isse's driver's license suspended for ten years and notified Isse that he would be subject to a mandatory three-year term of postrelease control.

{¶ 5} Two months later Isse filed a motion to vacate his conviction. In support of his motion, Isse argued his conviction was "void because he was a child at the time of the alleged offenses; therefore, this Court lacked subject matter jurisdiction to enter the conviction." Attached to this motion was an apparent birth certificate indicating Isse had been born in a refugee camp in the Republic of Kenya on February 26, 1998, not January 1, 1996 as stated in the trial court's records. Upon receiving Isse's motion, the trial court scheduled a hearing on the matter, which, after a number of continuances, ultimately took place on September 6, 2016. At this hearing, the state presented two witnesses, both officers with the Fayette County Sheriff's Office, whereas Isse presented seven witnesses, including Isse's mother, father, sister, and Isse himself.

{¶ 6} On June 1, 2017, the trial court issued its decision denying Isse's motion to vacate his conviction. In so holding, the trial court noted that Isse had never disputed that his date of birth was January 1, 1996 prior to entering his guilty plea in this case. The trial court also noted that the state had submitted a computer printout of Isse's driving record from Kentucky, which showed Isse's social security number and his date of birth as January 1, 1996. The record also contains an affidavit of indigency, wherein Isse listed his date of birth as January 1, 1996. Prior to signing this affidavit, the record indicates Isse notified the notary who certified his signature that everything on the document was true and accurate.

{¶ 7} In addition to this evidence, and as it relates to defendant's evidence in support of his motion to vacate his conviction, the trial court stated:

> The defendant called seven witnesses including the Defendant. The Defendant testified regarding a Kenyan birth certificate he had received postconviction. While this purported birth certificate is not in evidence, it was attached as an exhibit to the motion to vacate. Counsel for the Defendant filed a disclosure on November 7, 2016 indicating that the Embassy of the Republic of Kenya had received the original of the certificate and it had informed counsel that the certificate was not genuine.

Continuing, the trial court stated:

> Defendant's parents testified regarding the January 1 date of birth on several of their children's birth certificates and immigration "green" cards. The Court finds the parents' testimony self serving and not credible and reaches the same conclusion with respect to the testimony of the Defendant. The Defendant's sister also testified as to a change in the date of her birth. This testimony was based upon her receipt of a Kenyan birth certificate, to which the Court gives no evidentiary value.

Concluding, the trial court determined that while the exact date of Isse's birth may never be known, "the Court finds the State has proven beyond a reasonable doubt that the Defendant had reached the age of majority in the State of Ohio as of April 4, 2015."

{¶ 8} Isse now appeals from the trial court's decision denying his motion to vacate his conviction, raising a single assignment of error for review.

{¶ 9} THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED ISSE MOHAMED'S RIGHT TO DUE PROCESS OF LAW WHEN IT DETERMINED THAT THE STATE PROVED, BEYOND A REASONABLE DOUBT, THAT ISSE MOHAMMED WAS AT LEAST 18 YEARS OLD WHEN HIS OFFENSES OCCURRED.

{¶ 10} In his single assignment of error, Isse argues the trial court erred by denying his motion to vacate his conviction for lack of subject matter jurisdiction by finding the state proved beyond a reasonable doubt that he was at least 18 years old on April 4, 2015, the date that his criminal activity occurred. We disagree.

**Standard of Review**

{¶ 11} R.C. 2151.23 provides exclusive original subject matter jurisdiction to the juvenile court on matters concerning any "child" who, on or about the date specified in the complaint, indictment, or information, is alleged to be delinquent. Therefore, absent a proper bindover procedure, "the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent" that "cannot be waived."

- 4 -

*State v. Wilson*, 73 Ohio St.3d 40 (1995), paragraphs one and two of the syllabus. A conviction is void where the court of common pleas lacks subject matter jurisdiction to convict the defendant due to the defendant's age at the time of the offense. *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, ¶ 8, fn. 1, citing *id.* at 44.

**Analysis**

{¶ 12} Here, Isse argues the trial court erred by denying the motion to vacate his conviction by failing to give credit to the testimony and evidence indicating his birthday was actually on February 26, 1998, rather than January 1, 1996. In support of this claim, Isse claims it was improper for the trial court to find his testimony, as well as the testimony of his mother, father, and sister, lacked credibility in that it was "self-serving." However, while it may be true that Isse and his family all testified that Isse was not born on January 1, 1996, but rather, on February 26, 1998, the trial court, as the trier of fact, is in a much better position than this court to review a witness' credibility. This is because "the demeanor and attitude of witnesses do not translate well into the written record." *State v. Brown*, 12th Dist. Butler No. CA2006-10-247, 2007-Ohio-7070, ¶ 49.

{¶ 13} In this case, the state presented testimony and evidence indicating Isse was born on January 1, 1996. The trial court found that testimony and evidence credible. "It is not proper for an appellate court to reverse a trial court based on a difference of opinion concerning the credibility of witnesses." *State v. Pewo*, 10th Dist. Franklin No. 88AP-771, 1989 Ohio App.LEXIS 375, *7 (Feb. 2, 1989). Therefore, because the record is devoid of any credible evidence indicating Isse's birthday was something other than January 1, 1996, the date Isse himself listed as his date of birth on an affidavit of indigency he filed with the trial court, the trial court did not err by finding the state had proven beyond a reasonable doubt that Isse was at least 18 years old on April 4, 2015, the date that his criminal activity occurred. Accordingly, because the trial court properly exercised jurisdiction over this case,

Isse's single assignment of error is overruled.

**{¶ 14}** Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.